WIEGERIG, Appellant and Cross–Appellee,

v.

TIMKEN COMPANY, Appellee and Cross–Appellant.

[Cite as *Wiegerig v. Timken Co.* (2001), 144 Ohio App.3d 664.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 00AP–708.

Decided July 17, 2001.

666

*The McGuire Law Office* and *Dennis M. McGuire,* for appellant and cross-appellee.

*Day, Ketterer, Raley, Wright & Rybolt, Ltd., Jill F. Otto* and *W. Bradford Longbrake,* for appellee and cross-appellant.

Kennedy, Judge.

Plaintiff-appellant and cross-appellee, Nora Wiegerig, appeals from a decision of the Franklin County Court of Common Pleas granting summary judgment as to her claims of handicap discrimination and violation of Ohio public policy. Defendant-appellee and cross-appellant, Timken Company, appeals from a deci-

sion of the Franklin County Court of Common Pleas denying its summary judgment motion on the issue of federal preemption.

On July 7, 1998, appellant filed a complaint alleging damages based on appellee's failure to reinstate her because of a perceived handicap and appellee's failure to make reasonable accommodations for appellant's perceived handicap. Appellee filed an answer denying appellant's allegations. After discovery, appellee filed a motion for summary judgment. The trial court granted appellee's summary judgment motion in part, finding that no genuine issues of material fact existed as to the issues of handicap discrimination and public policy claims. The trial court further established that appellant's claim was not subject to federal preemption, thus denying appellee summary judgment on that issue. Appellant filed a timely notice of appeal, and appellee filed a timely cross-appeal.

On appeal, appellant asserts one assignment of error:

"The trial court erred in granting summary judgment to the defendant on the issue of violations of O.R.C. 4112.02 and Ohio public policy."

Appellee, on cross-appeal, asserts one assignment of error:

"The trial court erred in finding plaintiff's common law claim for handicap discrimination based upon Ohio public policy was not preempted by § 301 of the Labor Management Relations Act, 29 U.S.C. § 185."

Appellee is a manufacturer of bearings for a variety of items such as cars, roller coasters, and railroads. Appellee operated two plants, Plants No. 4 and 17, in Columbus, Ohio. On September 18, 1973, appellant became employed by appellee as a control inspector in Plant No. 4. Upon employment, appellant became a member of the United Steelworkers of America, AFL/CIO, Local Union No. 2173 ("the union"). Her employment with appellee was governed by a collective bargaining agreement ("CBA"), known as the Basic Labor Agreement ("BLA"), between appellee and the union. On May 10, 1975, appellant was laid off due to a reduction in force. Appellant was recalled on November 2, 1975. On August 9, 1982, appellant was once again laid off due to a reduction in force. Appellant was recalled on May 2, 1983. Although appellant does not recall the nature of her injury, she took a leave of absence for physical disability on November 21, 1983. Appellant returned from her leave on December 28, 1983. On August 4, 1986, appellant took another leave of absence for physical disability due to continual back pain. Appellant returned from her leave on September 9, 1986. On December 6, 1986, appellant was laid off due to a reduction in force. At such time, the seniority lists of Plants No. 4 and 17 were combined. Eventually, Plant No. 4 was completely shut down. Pursuant to the BLA, appellant believed that she had a total of five years of recall rights. Such rights were due to expire on January 1, 1992. Although appellant was not recalled by

the expiration date, her recall rights were extended due to a new BLA between appellee and the union.

In February 1995, appellee's Human Resources Coordinator, Maureen Anne Savko, contacted appellant for an operator grind position. Pursuant to the BLA, appellant was required to have the "apparent ability" to perform the position before she could be recalled to employment with appellee. After a medical examination by Dr. Ruppel, appellee's physician, restrictions were placed on the type of work appellant could perform. The restrictions were based on a review of appellant's medical history, urine drug test results, and occupational performance testing. The restrictions included (1) no lifting in excess of twenty-five pounds; (2) no working on hazardous machinery; (3) no repetitive bending and twisting at the waist; (4) no climbing or working at heights greater than six feet; and (5) no operation of company vehicles. Appellant claims that she was informed only of the twenty-five pound lifting restriction. Subsequently, appellee's medical department determined that appellant failed to have the "apparent ability" to perform the operator grind position.

In March 1999, appellant was once again contacted by appellee for a position. On March 15, 1999, Dr. Ruppel reexamined appellant. Because appellant had undergone a post cervical discectomy two months before being contacted, Dr. Ruppel concluded that she was unable to perform the occupational testing and continued the restrictions. Thus, appellant was again denied recall for failure to show that she had the "apparent ability" to perform the required duties of the vacant position.

After appellant's layoff in 1986, she earned an Associate's Degree in nursing from Columbus State Community College. During her schooling, appellant obtained a clerical position at St. Anthony Hospital. Upon obtaining her degree, appellant remained at St. Anthony, holding the position of a registered nurse. Since appellant's employment as a nurse, she has suffered numerous injuries, including upper-back, lower-back, shoulder, leg and right-arm pain, and Guillain–Barre syndrome. Appellant's back injuries caused her to periodically miss work for several months. Appellant had a cervical discectomy performed due to her arm injury. In addition, appellant's affliction with Guillain–Barre caused her to take a one-year leave of absence, which included a five-month hospitalization period. Appellant's physicians assert that she can return to full-time employment. Currently, appellant continues in her capacity as a nurse at Park Medical Center, formerly St. Anthony Hospital. Appellant is still eligible for recall by appellee. However, she is required to show that she possesses the "apparent ability" to perform the vacant position before she will be recalled.

When reviewing a trial court's summary judgment decision, an appellate court conducts a *de novo* review. *Grafton v. Ohio Edison Co.* (1996), 77 Ohio

St.3d 102, 105, 671 N.E.2d 241, 244–245. In applying the *de novo* standard, we review the trial court's decision independently and without deference to the trial court's determination. *Brown v. Scioto Cty. Bd. of Commrs.* (1993), 87 Ohio App.3d 704, 711, 622 N.E.2d 1153, 1157–1158. In accordance with Civ.R. 56(C), the trial court must determine that (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. *State ex rel. Parsons v. Fleming* (1994), 68 Ohio St.3d 509, 511, 628 N.E.2d 1377, 1379–1380, citing *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 472, 364 N.E.2d 267, 274. Summary judgment is a procedural device to terminate litigation; thus, it must be awarded cautiously with any doubts resolved in favor of the nonmoving party. *Murphy v. Reynoldsburg* (1992), 65 Ohio St.3d 356, 358–359, 604 N.E.2d 138, 139–140. A nonmoving party cannot rest upon the allegations of the pleadings but must respond with affidavits or similar evidentiary materials demonstrating that a genuine issue of material fact exists for trial. *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 293, 662 N.E.2d 264, 273–274, citing Civ.R. 56(E). In *Dresher*, the Ohio Supreme Court held:

"* * * [A] party seeking summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims. The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion that the nonmoving party has no evidence to prove its case. Rather, the moving party must be able to specifically point to some *evidence* of the type listed in Civ.R. 56(C) which affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claims. If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. However, if the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party." (Emphasis *sic.*) *Id.*

Furthermore, the definition of "handicapped" is a matter of statutory construction, subject to *de novo* review as a matter of law. *Kemo v. St. Clairsville* (1998), 128 Ohio App.3d 178, 183, 714 N.E.2d 412, 415–416.

In appellant's single assignment of error, she asserts that the trial court erred in awarding summary judgment to appellee, arguing that genuine issues of material fact exist as to whether appellee perceived or regarded her as disabled. We disagree.

Pursuant to R.C. 4112.02(A), it is unlawful for an employer to refuse to hire or discriminate against a person because of his or her handicap. To establish a prima facie case of handicap discrimination, appellant must demonstrate that (1) she was handicapped, (2) an adverse employment action by appellee was taken because of her perceived handicap, and (3) she can safely and substantially perform the essential functions of the position in question. See *Columbus Civ. Serv. Comm. v. McGlone* (1998), 82 Ohio St.3d 569, 571, 697 N.E.2d 204, 205–206. Even if appellant is not handicapped, she is still protected by the handicap discrimination laws if appellee perceived her as handicapped. *Id.* at 572, 697 N.E.2d at 206. " 'Handicap' [now 'disability'] means a physical or mental impairment that substantially limits one or more major life activities, including * * * working, * * * or being *regarded* as having a physical or mental impairment." (Emphasis added.) R.C. 4112.01(A)(13). Because Ohio handicap discrimination law is similar to the federal Americans with Disabilities Act ("ADA"), Ohio courts may seek guidance in the interpretation of the Ohio handicap discrimination law from regulations and cases that interpret the ADA. *McGlone* at 573, 697 N.E.2d at 206–207.

Appellant argues that she meets the first prong of demonstrating handicap discrimination because she has a record of impairment and because appellee regarded her as being substantially limited in the major life activity of working. Addressing the first prong of handicap discrimination, we consider the issue as to whether appellant is handicapped. Pursuant to Section 1630.2(j)(3), Title 29, C.F.R., a physical impairment substantially limiting the major life activity of working means "significantly restricted in the ability to perform either a class of jobs or a broad range of jobs in various classes." *Id.* The inability to perform a single, particular job does not constitute a substantial limitation in the major life activity of working. *Id.*

In *McGlone*, James McGlone applied for a position as a Columbus firefighter. The position required a visual acuity standard of not less than 20/40 vision in both eyes, without correction. After a medical examination, McGlone's uncorrected vision was 20/100 in both eyes. Consequently, McGlone was not offered a position as a firefighter due to his nearsightedness. The Supreme Court held that the city of Columbus considered McGlone as nearsighted, not handicapped, and that lacking a single physical requirement to perform a single job does not transform that condition into a handicap. *Id.* at 574, 697 N.E.2d at 207. The court further concluded that the position of firefighter does not constitute a class

of jobs because the field of firefighting jobs was too narrow a field. *Id.* at 573, 697 N.E.2d at 206–207.

■ Here, like McGlone, appellant is not handicapped, because her inability to meet the requirements to perform the operator grind position does not constitute a substantial limitation in the major life activity of working. Appellant is not significantly restricted in her ability to perform a class of jobs or a broad range of jobs in various classes. This is evident in appellant's continued work in her capacity as a registered nurse. Furthermore, appellee's operator grind position is a very narrow field limited to the production of railroad bearings. Thus, the operator grind position is not a class of jobs and, consequently, appellant is not handicapped.

Furthermore, in *Sadinsky v. EBCO Mfg. Co.* (1999), 134 Ohio App.3d 54, 730 N.E.2d 395, John Sadinsky injured his back while working as a material handler for appellee's receiving department. Appellant was placed on a light-duty status that included no lifting, pushing, or pulling and no standing for any length of time. *Id.* at 57, 730 N.E.2d at 396–397. EBCO informed Sadinsky that there were no jobs available that he could perform under his physical restrictions. *Id.* at 58, 730 N.E.2d at 397–398. Sadinsky brought a wrongful discharge action based upon his alleged disability. *Id.* at 56, 730 N.E.2d at 396. This court held that Sadinsky's back injury, which created restrictions on his working ability, did not rise to the level of a substantial limitation on a major life activity because he was capable of performing work outside his medical restrictions.

■ Second, we address the issue of whether appellee perceived appellant as handicapped. To succeed on a theory of perceived handicap, appellant must show that appellee considered her failure to meet the physical requirements for the operator grind position as foreclosing her from a class of jobs. *McGlone* at 574, 697 N.E.2d at 207. However, there is no evidence that appellee had such a perception.

■ Appellee contacted appellant regarding the operator grind position. Pursuant to the BLA, appellant was subject to a medical examination to ascertain that she was physically fit to perform the duties of the position. Appellant failed to meet the physical requirements of the operator grind position only. Thus, appellant was not foreclosed from other vacant positions, and she remains on appellee's recall list. Although appellant was excluded from the operator grind position, she has not been excluded from a class of jobs because she may be able to perform other duties in appellee's Columbus plant. Furthermore, as previously discussed, the operator grind position is not a class of jobs. Thus, appellant has failed to show that appellee considered her failure to meet the physical requirements for the operator grind position as foreclosing her from a class of

jobs. Therefore, appellant has failed to show that appellee perceived her as handicapped.

Appellant further asserts that the trial court failed to consider that the restrictions placed upon her by Dr. Ruppel are permanent restrictions, arguing that there are no jobs within appellee's plant that she can perform without reasonable accommodations. Dr. Ruppel's restrictions are for the benefit, health, and safety of appellant and other employees. Appellant's surgery, which precluded occupational testing, further justified the restrictions. Dr. Ruppel did not determine that appellant was unable to perform the operator grind position or any other position within appellee's plant. Pursuant to the BLA, appellee will continue to give a medical examination before placing appellant in a position that she is not physically able to perform. Furthermore, appellee attests to having one hundred forty employees with one or more medical restrictions. Thus, it is evident that appellee has a history of making reasonable accommodations for employees under medical restrictions and that such employees are not automatically barred from employment in appellee's plant. Therefore, there is no evidence that the medical restrictions will bar appellant from all positions within appellee's plant nor that appellee will not make reasonable accommodations for appellant.

Because appellant is neither handicapped nor was she perceived as handicapped, appellant is unable to meet the first prong of the handicap discrimination test. Thus, appellant cannot establish a case of handicap discrimination against appellee. Therefore, the trial court did not err in granting summary judgment to appellee on this issue.

■ Additionally, appellant asserts that the trial court erred in granting summary judgment on her Ohio public policy claim, arguing that, because there is a genuine issue of material fact as to the handicap discrimination claim, the court must also find a genuine issue exists as to the public policy claim. A cause of action may be brought for the tort of wrongful discharge in violation of public policy based on discrimination in the workplace. *Kulch v. Structural Fibers, Inc.* (1997), 78 Ohio St.3d 134, 151, 677 N.E.2d 308, 321–322. Appellant and the trial court ascertain that appellant must meet all the requirements of the *Kulch* test. Appellee argues that the *Kulch* test is inapplicable to the case at hand. We agree with appellee.

■ *Kulch* provides that, in determining whether appellant has a viable common-law cause of action, she must show (1) that a clear public policy existed and was manifested in a state or federal Constitution, statute, or administrative regulation, or in the common law (clarity element); (2) that dismissing employees under circumstances like those involved would jeopardize the public policy

(jeopardy element); (3) appellant's dismissal was motivated by conduct related to the public policy (causation element); and (4) the employer lacked an overriding legitimate business justification for the dismissal (overriding justification element). *Id.* The clarity and jeopardy elements of the *Kulch* test are questions of law to be determined by the court, while the causation and overriding-justification elements are factual issues to be decided by a jury. *Collins v. Rizkana* (1995), 73 Ohio St.3d 65, 70, 652 N.E.2d 653, 657–658. The *Kulch* test is taken from *Greeley v. Miami Valley Maintenance Contrs., Inc.* (1990), 49 Ohio St.3d 228, 551 N.E.2d 981, which provides that public policy warrants an exception to an employment-at-will doctrine when an employee is discharged or disciplined for a reason prohibited by statute. *Kulch* at 150–151, 677 N.E.2d at 320–322. A claim for wrongful discharge does not exist absent a *Greeley* public policy exception. *Stephenson v. Yellow Freight Sys., Inc.* (Oct. 26, 1999), Franklin App. No. 99AP–77, unreported, 1999 WL 969817. However, appellant is not an at-will employee because her employment is subject to the BLA. Terms of employment subject to a CBA places an employee outside the class for whom *Greeley* provides protection. *Haynes v. Zoological Soc. of Cincinnati* (1995), 73 Ohio St.3d 254, 258, 652 N.E.2d 948, 950–951. Thus, appellant is unable to bring a *Greeley* cause of action.

Because appellant does not meet the statutory or public policy requirement of handicap discrimination, the trial court did not err by granting summary judgment on these claims. Appellant's sole assignment of error is overruled.

On appellee's cross-appeal, in its single assignment of error it asserts that the trial court erred in not finding that appellant's public policy claim was preempted by Section 301 of the Labor Management Relations Act ("LMRA").

Because we concluded in regard to appellant's single assignment of error that she cannot bring a claim for wrongful discharge in violation of public policy because she was not an at-will employee, appellee's assignment of error in its cross-appeal is moot.

Because there remain no genuine issues of material fact, the trial court did not err to the prejudice of appellant by granting appellee's summary judgment motion on appellant's claim of handicap discrimination brought pursuant to R.C. 4112.02(A). Thus, appellant's sole assignment of error is overruled. Additionally, we conclude that appellee's sole cross-assignment of error is moot. The judgment of the trial court is affirmed.

*Judgment affirmed.*

DESHLER and LAZARUS, JJ., concur.