OPINION
{¶ 1} Plaintiff-appellant Wayne Lanterman appeals the decision of the Columbiana County Common Pleas Court granting summary judgment for defendant-appellee Columbia Gas of Ohio, Inc. (CG). The issue before this court is whether Lanterman's medical condition of mild claustrophobia qualifies as a disability under R.C. Chapter 4112. For the reasons stated below, the decision of the trial court is hereby affirmed.
 FACTS {¶ 2} CG is a gas provider in Ohio. Lanterman was employed by CG from April, 1986, to November 1, 1998. (Lanterman Aff.). During his tenure at CG, Lanterman held various positions. When he was terminated his position was welder.
 {¶ 3} In 1997, CG required all employees who had the possibility of being exposed to oxygen-deficient atmospheres to complete a certification process for respirator use. (Sonderman Aff.). This process required the employee to use a self-contained breathing apparatus (SCBA). The SCBA is a full face mask that forms an air-tight seal around the face of its user. CG believed that this requirement was mandated by OSHA. (Sonderman Aff.). Lanterman tried to wear the SCBA but was unable due to his condition of mild claustrophobia. (Lanterman Aff.; Everhart Depo. 35).
 {¶ 4} CG informed Lanterman that the ability to wear the SCBA was a requirement of his job. Lanterman, hoping to gain the ability to wear the SCBA mask, went to see a licensed clinical psychologist, Thomas A. Boyd, Psy.D., about his claustrophobia. Boyd recommended that Lanterman try desensitization. Boyd believed that in 12 sessions Lanterman would be able to wear the SCBA respirator. Lanterman went to see Dr. Ray Brunner, Ph.D. for desensitization. Dr. Brunner stated after nine sessions it was apparent that Lanterman would not be able to use the SCBA respirator.
 {¶ 5} Since the desensitization did not work and use of the SCBA was believed to be a requirement of the job, CG informed Lanterman that his employment would be terminated in 60 days. However, Lanterman was given the option of bidding on any position open within the company that did not require the use of a SCBA respirator. Lanterman did not bid on certain positions because he did not want to relocate his family. Lanterman did bid on a management position, but was denied that position. CG terminated Lanterman at the expiration of the 60 days. The termination was due to his inability to meet the conditions of his employment, being unable to wear the SCBA respirator.
 {¶ 6} Lanterman filed suit against CG based on disability discrimination. CG filed a motion for summary judgment. The trial court granted CG's motion. The trial court held that Lanterman's claustrophobia did not constitute a disability under R.C. Chapter 4112. The trial court based its holding on Lanterman's failure to show that the claustrophobia constituted a substantial limitation in his major life activities. This timely appeal followed.
ASSIGNMENTS OF ERROR NOS. ONE, TWO AND THREE
 {¶ 7} Lanterman raises four assignments of error. The first three will be addressed together. These three assignments of error claim that the trial court erroneously granted summary judgment for CG when genuine issues of material fact existed as to whether Lanterman established a prima facie case of disability discrimination. These assignments of error contend:
 {¶ 8} "THE TRIAL COURT COMMITTED SUBSTANTIAL ERROR, PREJUDICIAL TO THE RIGHTS OF THE PLAINTIFF-APPELLANT, IN GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT."
 {¶ 9} "THE TRIAL COURT COMMITTED SUBSTANTIAL ERROR, PREJUDICIAL TO THE RIGHTS OF THE PLAINTIFF-APPELLANT, IN HOLDING, AS A MATTER OF LAW, THAT PLAINTIFF-APPELLANT IS NOT DISABLED PURSUANT TO REVISED CODE SECTION 4112.01(A)(13)."
 {¶ 10} "THE TRIAL COURT COMMITTED SUBSTANTIAL ERROR, PREJUDICIAL TO THE RIGHTS OF THE PLAINTIFF-APPELLANT, IN HOLDING THAT THE ABILITY TO WEAR SCBA EQUIPMENT WAS AN ESSENTIAL FUNCTION OF PLAINTIFF-APPELLANT'S JOB."
 {¶ 11} An appellate court reviews a trial court's decision to grant summary judgment de novo. Grafton v. Ohio Edison Co. (1996),77 Ohio St.3d 102. Summary judgment is properly granted when: 1) no genuine issues as to any material fact exists; 2) the moving party is entitled to judgment as a matter of law; and, 3) reasonable minds can only come to one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made. Civ.R. 56(C);Harless v. Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64, 66. The evidence must be viewed in the light most favorable to the nonmoving party. Id.
 {¶ 12} It is an unlawful discriminatory practice for an employer, because of the disability of the employee, to terminate employment without cause. R.C. 4112.02(A). In order to establish a prima facie case of disability discrimination, the person seeking relief must demonstrate the following: 1) that he/she has or had a disability; 2) that an adverse employment action was taken by an employer, at least in part, because of the individual's disability; and 3) even though that person is disabled, he/she can safely and substantially perform the essential functions of the job in question. Hood v. Diamond Products Inc. (1996),74 Ohio St.3d 298, paragraph one of the syllabus. Under these elements, Lanterman must first establish that he is disabled.
 {¶ 13} R.C. 4112.01(A)(13) defines disability as a "physical or mental impairment that substantially limits one or more major life activities, including the functions of caring for one's self, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working; a record of physical or metal impairment; or being regarded as having a physical or mental impairment." Ohio courts, in determining whether a condition constitutes a disability, have looked to federal law, American with Disabilities Act (ADA), for guidance. Columbus Civ.Serv. Comm. v. McGlone (1998), 82 Ohio St.3d 569, 572-573; Shaver v.Wolske Blue (2000), 138 Ohio App.3d 653, 655-656.
 {¶ 14} The Code of Federal Regulations provides guidance for the meanings of the terms "substantially limits" and "major life activities." 29 C.F.R. § 1630.229. Shaver, 138 Ohio App.3d at 665. The C.F.R.'s definition of major life activities is identical to the phrase in R.C.4112.01(A)(13) that follows the words "major life activities." The C.F.R. defines, "substantially limits" as the following:
 {¶ 15} "(i) Unable to perform a major life activity that the average person in the general population can perform; or
 {¶ 16} "(ii) Significantly restricted as to the condition, manner or duration under which an individual can perform a particular major life activity as compared to the condition, manner, or duration under which the average person in the general population can perform that same major life activity." 29 C.F.R. § 1630.2(j)(1).
 {¶ 17} The C.F.R. also discusses factors to determine whether a condition substantially limits the major life activity of working.McGlone, 82 Ohio St.3d at 573; 29 C.F.R. § 1630.2(j)(3). Substantially limited in reference to the major life activity of working means the person claiming the disability is significantly restricted in the ability to perform either a class of jobs or a broad range of jobs in various classes as compared to the average person having comparable training, skills, and abilities. 29 C.F.R. § 1630.2 (j)(3). "The inability to perform a single, particular job does not constitute a substantial limitation in the major life activity of working." Weigerigv. Timken Co. (2001), 144 Ohio App.3d 664, 671. In McGlone, the Ohio Supreme Court explained that the handicap discrimination statute was designed to protect those who live with a handicap that significantly affects the way they live their lives on a day-to-day basis.82 Ohio St.3d at 572 (holding 20/100 eyesight was not a disability when a fire department refused to hire a person based on their eyesight). As such, not every physical or mental impairment constitutes a disability even though the person may have an impairment that involves one or more of his major life activities. DeBolt v. Eastman Kodak Co. (2001),146 Ohio App.3d 474, 486.
 {¶ 18} While keeping all the above law in mind, the Ohio Supreme Court and the United States Supreme Court have both stated that the determination of a disability must be made on a case-by-case basis.Hood, 74 Ohio St.3d at 303; Albertsons, Inc. v. Kirkingburg (1999),527 U.S. 555. In Hood, the Ohio Supreme Court was asked to determine whether cancer was a disability under R.C. Chapter 4112. Id. at 303 (Hood was sick nearly every day, and she had to go to the bathroom about every twenty minutes.). The Court stated that the determination of whether cancer is a disability should be made on a case-by-case basis because there are many types and forms of the disease. Id. Due to these different forms of cancer and the definitions under the disability discrimination statute, there may be instances where cancer is "not so pernicious in its effects to warrant a finding that a person afflicted with the disease is handicapped." Id. Considering other maladies, courts are looking to the facts of the case to determine whether it affects one or more major life activities. Ratliff v. Ohio Dept. of Rehab. Corr. (1999),133 Ohio App.3d 304 (Chronic tinnitus, constant ringing in the ears, was not a disability where appellant's one-on-one conversations were not affected and he did not need a hearing aid); Stevanovic v. Modern Tool Die Co. (Apr. 20, 1995), 8th Dist. No. 67225; Beauchampt v.CompuServe, Inc. (1998), 126 Ohio App.3d 17, 24, (Depression in certain circumstances is a disability); Hayes v. Cleveland Pneumatic Co. (1993),92 Ohio App.3d 36 (Depression in certain circumstances is a disability.); Shaver, 138 Ohio App.3d 653.
 {¶ 19} Ohio courts have not addressed the issue as to whether claustrophobia is a disability. However, one Federal District Court in Colorado has held that claustrophobia is not a disability under the ADA.Hall v. Claussen (March 6, 2001), 10th Circuit Nos. 98-1150, 98-1384, 2001 U.S. App. LEXIS 3404. The case was appealed to the circuit court, however, that issue was not appealed. Id. The circuit court, for purposes of that appeal, accepted that claustrophobia was not a disability. Id. Regardless of the holding in the Colorado Federal District Court, due to the United States and Ohio Supreme Courts' case-by-case ruling, we decline to make a blanket statement that claustrophobia is not a disability under the ADA or R.C. Chapter 4112. The determination of whether claustrophobia is a disability under R.C. Chapter 4112, must be made on a case-by-case basis. Hood, 74 Ohio St.3d at 303.
 {¶ 20} In the case before this court, Lanterman was diagnosed with mild claustrophobia. (Psychological Report by Thomas Boyd). He can wear a welding helmet, but not the SCBA respirator. (Lanterman Depo. 22). He does not have a problem wearing a cotton dust mask that covers his mouth and nose. (Lanterman Depo. 30). However, he is not able to wear a diving mask that covers his mouth and nose. (Lanterman Depo. 35). He stated that in the past, he had an MRI done on his knee. (Lanterman Depo. 26). He explained to the operator that if they wanted his whole body in the MRI machine, they would have to anesthetize him. (Lanterman Depo. 26). He was only put into the machine up to his shoulders. (Lanterman Depo. 26). He does not have a serious problem with riding in elevators or riding in airplanes. (Lanterman Depo. 36). Furthermore, he admits that during his life experiences, other than the ones listed above, he does not have difficulty breathing. (Lanterman Depo. 36).
 {¶ 21} This condition does affect his work as a welder for CG. However, not all welders have to have the ability to wear the SCBA respirators because they are not in a gas environment. The ability to use a SCBA respirator is just a specific requirement of this job. His condition does not limit him from performing a wide range of welding jobs. The inability to perform this single particular job of welding in an atmosphere where a SCBA respirator may be needed, does not constitute a substantial limitation in the major life activity of working. SeeWiegerig, 144 Ohio App.3d at 671. Even when viewing the facts of this case in the light most favorable to Lanterman, they do not support the conclusion that Lanterman's claustrophobia is a disability under R.C. Chapter 4112. However, no statements in this holding are intended to be a blanket statement that claustrophobia can never be a disability under R.C. Chapter 4112. This holding is specifically limited to the facts of this case.
 {¶ 22} Even though Lanterman is not disabled under R.C. Chapter 4112, a cause of action still could exist if CG perceived him as disabled and discriminated against him based on that perception. McGlone,82 Ohio St.3d at 574; R.C. 4112.02. To succeed on this theory, Lanterman must show that CG considered his failure to meet the physical requirements of the job as foreclosing him from a class of jobs. Id.; Wiegering,144 Ohio App.3d 664. In Wiegering, appellant wanted to obtain an operator grind position at Timken, however she failed to meet the physical requirements for that position. 144 Ohio App.3d 664. Regardless of her failure to pass the physical examination, appellant was not excluded from other positions at Timken. Id. The court sated that although appellant was excluded from the operator grind position, she has not been excluded from a class of jobs because she may be able to perform other duties in that plant. Id. Likewise, while Lanterman could not perform the welding work that would require him to wear a SCBA respirator, he was not excluded from other jobs within the company that did not require SCBA certification.
 {¶ 23} Furthermore, perceived disability cannot be established by a mere showing that the employer attempted to accommodate the employees perceived needs. Weigert v. Georgetown University (D.D.C. 2000),120 F. Supp.2d 1. Other than the accommodation e-mails between company management, Lanterman offers no evidence that CG perceived him as disabled. Therefore, Lanterman's claim of perceived disability fails.
 {¶ 24} Alternatively, under these assignments of error, Lanterman argues that the use of the SCBA is not an essential element of the job and that CG failed to accommodate for his disability. To succeed on either of these arguments, Lanterman must first demonstrate that he is disabled under R.C. Chapter 4112. Shaver, 138 Ohio App.3d at 664;29 C.F.R. § 1630.2(n)(1); OAC 4112-5-08(D)(4), (E).
 {¶ 25} As explained above, the facts provided in the motion for summary judgment, even when viewed in the light most favorable to Lanterman do not support the conclusion that Lanterman's claustrophobia is a disability under R.C. Chapter 4112. As such, the accommodation and essential element arguments fail. These assignments of error lack merit.
 ASSIGNMENT OF ERROR NO. FOUR {¶ 26} "THE TRIAL COURT COMMITTED SUBSTANTIAL ERROR, PREJUDICIAL TO THE RIGHTS OF THE PLAINTIFF-APPELLANT, IN DISMISSING PLAINTIFF'S PUBLIC POLICY CLAIM."
 {¶ 27} Under this assignment of error, Lanterman argues that the trial court incorrectly granted summary judgment on his public policy tort claim. To have a viable common-law cause of action, Lanterman must show: 1) that a clear public policy existed and was manifested in a state or federal Constitution, statute, or administrative regulation; 2) that dismissing employees under circumstances like those involved would jeopardize public policy; 3) that the dismissal was motivated by conduct related to the public policy; and, 4) the employer lacked an overriding legitimate business justification for the dismissal. Kulch v. StructuralFibers, Inc. (1997), 78 Ohio St.3d 134, 151. The first two elements are questions of law for the court to determine, while the last two elements are questions for the jury. Id.
 {¶ 28} Concerning the first two elements, R.C. 4112.01 and R.C.4112.02 clearly provide a public policy against discriminating against an employee based on disability. However, since we have determined that Lanterman's condition did not constitute a disability as contemplated by the aforementioned two statutes, there can be no violation of public policy. There being no violation of public policy, there can be no common law cause of action. Accordingly, appellant's fourth assignment of error is without merit.
 {¶ 29} For the foregoing reasons, the judgment of the trial court is hereby affirmed.
Donofrio, J., concurs.
DeGenaro, J., concurs.