OPINION
{¶ 1} Plaintiff-appellant, Amy E. Hart, appeals from a judgment of the Franklin County Court of Common Pleas granting summary judgment in favor of defendant-appellee, The Columbus Dispatch/Dispatch Printing Company ("Dispatch"). Because no genuine issues of material fact remain, and appellee is entitled to judgment as a matter of law, we affirm.
 {¶ 2} Plaintiff was an employee of the Dispatch from 1981 to 1996. In April 1991, plaintiff began working in the Centrex department as a Centrex operator whose duties included answering incoming telephone calls, transferring calls and placing outgoing calls. In the summer of 1994, a building adjoining the one in which plaintiff worked was demolished. Plaintiff alleges vibrations from the building's demolition caused numbness in her back that progressed to pain and discomfort when she sat for long periods of time. As a consequence, in January 1995, plaintiff sought treatment and followed a course of physical therapy for approximately one year. In December 1995, Dr. Jasna Vasilijevec sent a letter to the Dispatch reportedly stating plaintiff should be allowed to get up from her chair every one or two hours, apparently both to relieve her back pain and to allow her to go to the bathroom.
 {¶ 3} Following receipt of the letter from Dr. Vasilijevec, Lois Bercovitz, who had become plaintiff's new supervisor in January 1995, discussed the letter with plaintiff. Plaintiff contends that, despite the discussion, the requirements of the work setting and periodic limitations in staffing patterns restricted her ability to take breaks as Dr. Vasilijevec recommended. Additionally, according to plaintiff, Bercovitz implemented changes within the Centrex department that varied employees' work schedules and made it difficult for plaintiff to schedule physical therapy appointments.
 {¶ 4} In December 1995, plaintiff met with the Dispatch's director of personnel to discuss her concerns regarding excessive schedule changes. Plaintiff contends that, following the meeting, Bercovitz in retaliation assigned plaintiff to work six days per week on the next schedule. Plaintiff also contends Bercovitz encouraged her to quit her job in early 1996 in response to one specific, but disputed, employee complaint and other non-specific complaints about plaintiff's job performance. Additionally, according to plaintiff, Bercovitz harassed plaintiff by informing her sick leave could not be used for medical appointments, by refusing to increase the heat in the office area and thereby causing plaintiff to become sick and take the next day off from work, by questioning plaintiff after returning to work about the use of a day of sick leave, by expecting plaintiff to be proficient in the use of a computer without extensive training, and by denying plaintiff's request for paid vacation to be with her only daughter on the birth of plaintiff's grandchild.
 {¶ 5} In June 1996, plaintiff received a poor performance evaluation that plaintiff did not dispute. Although plaintiff resigned from her position the following month, she maintains she was forced to leave her job. In July 1996, plaintiff filed a charge with the Ohio Civil Rights Commission that apparently was dismissed due to lack of probable cause.
 {¶ 6} On December 20, 2000, plaintiff filed a complaint under R.C. Chapter 4112 alleging (1) age discrimination, (2) disability discrimination, and (3) retaliation. On February 15, 2002, the Dispatch moved for summary judgment concerning all of plaintiff's claims. Plaintiff opposed the motion and attached documents in support of her memorandum in opposition. In its reply, the Dispatch objected to plaintiff's documents for failure to conform to the requirements of Civ.R. 56(E). On April 5, 2002, the trial court rendered summary judgment in favor of the Dispatch. Plaintiff appeals, assigning the following errors:
 {¶ 7} "1. The trial court abused its discretion by refusing to consider evidence that was properly presented in response to discovery requests, thereby complying with Civil Rule 56(c) [sic].
 {¶ 8} "2. The trial court abused its discretion by failing to grant Plaintiff, acting pro se, leniency in pleadings.
 {¶ 9} "3. The trial court erred in granting Defendant's motion for summary judgment on the handicap discrimination claim because questions of fact exist whether plaintiff is substantially limited in any activity.
 {¶ 10} "4. The trial court erred in granting Defendant's motion for summary judgment on the retaliation claim because it construed material questions of fact against Plaintiff.
 {¶ 11} "5. The trial court erred in granting Defendant's motion for summary judgment on the Hostile Work Environment claim because it erred when it determined that Plaintiff was not handicapped.
 {¶ 12} "6. The Trial court erred in granting Defendant's motion for summary judgment on the Constructive Discharge claim because it erred in determining that Plaintiff was not handicapped and it erred in construing material issues of fact against Plaintiff."
 {¶ 13} An appellate court's review of summary judgment is conducted under a de novo standard. Coventry Twp. v. Ecker (1995),101 Ohio App.3d 38, 41; Koos v. Cent. Ohio Cellular, Inc. (1994),94 Ohio App.3d 579, 588. Summary judgment is proper only when the party moving for summary judgment demonstrates: (1) no genuine issue of material fact exists, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds could come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence most strongly construed in its favor. Civ.R. 56; State ex rel. Grady v. State Emp. Relations Bd. (1997), 78 Ohio St.3d 181, 183.
 {¶ 14} Pursuant to Civ.R. 56(C), the moving party bears the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record demonstrating the absence of a material fact. Dresher v. Burt (1996), 75 Ohio St.3d 280, 293. The moving party, however, cannot discharge its initial burden under this rule with a conclusory assertion that the non-moving party has no evidence to prove its case; the moving party must specifically point to evidence of a type listed in Civ.R. 56(C), affirmatively demonstrating that the non-moving party has no evidence to support the non-moving party's claims. Id.; Vahila v. Hall (1997), 77 Ohio St.3d 421, 429. Once the moving party discharges its initial burden, summary judgment is appropriate if the non-moving party does not respond, by affidavit or as otherwise provided in Civ.R. 56, with specific facts showing that a genuine issue exists for trial. Dresher at 293; Vahila at 429, 430; Civ.R. 56(E).
 {¶ 15} As a preliminary matter, plaintiff properly concedes her claim of age discrimination as alleged in the complaint is procedurally barred, and therefore plaintiff does not appeal that aspect of the trial court's judgment. Because plaintiff previously sought redress through an administrative action, the trial court correctly granted summary judgment in favor of the Dispatch concerning plaintiff's age discrimination claim brought in this judicial action. See R.C. 4112.08. See, also, Smith v. Friendship Village of Dublin, Ohio, Inc. (2001), 92 Ohio St.3d 503, 506
("the General Assembly has specifically provided that individuals alleging age discrimination must choose between an administrative or judicial action"). Accordingly, we do not consider plaintiff's claim of age discrimination in this appeal.
 {¶ 16} In her first assignment of error, plaintiff contends the trial court abused its discretion by not considering evidence that plaintiff attached to her memorandum in opposition to the Dispatch's summary judgment motion.
 {¶ 17} "It is well settled that in the context of a motion for summary judgment, both the moving and nonmoving party, if necessary, must direct the court's attention to evidentiary materials of the type listed in Civ.R. 56. Civ.R. 56(C) sets forth a limited list of material that may be considered when ruling upon a motion for summary judgment. * * * Specifically, as provided by Civ.R. 56(C), summary judgment is appropriate only when it may be determined from `the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any * * * that there is no genuine issue as to any material fact.' "(Citations omitted.) Buzzard v. Public Emp. Retirement Sys. of Ohio (2000), 139 Ohio App.3d 632, 636.
 {¶ 18} Moreover, "[a]lthough it may at first appear that Civ.R. 56(C) sets forth an exclusive list of material that may be considered, in the event that a document is not one of the listed types, it may be introduced as proper evidentiary material if incorporated by reference in a properly framed affidavit." Id., citing Martin v. Central Ohio Transit Auth. (1990), 70 Ohio App.3d 83, 89; Biskupich v. Westbay Manor Nursing Home (1986), 33 Ohio App.3d 220.
 {¶ 19} Here, plaintiff failed to submit any evidence of the type specifically listed in Civ.R. 56(C) in response to the Dispatch's properly supported summary judgment motion; nor did she incorporate evidentiary material by reference in a properly framed affidavit. The trial court thus did not abuse its discretion by not considering plaintiff's documents in reaching its decision. See Biskupich at 222 ("while it is correct that a court, in its discretion, may consider other documents than those specified in Civ.R. 56(C) if there is no objection * * * there is no requirement that a court do so"). (Citation omitted.) See, also, Malone v. Courtyard by Marriott L.P. (1996), 74 Ohio St.3d 440, 448; Hartzog v. Ohio State Univ. (1985), 27 Ohio App.3d 214, 216 ("Abuse of discretion implies a decision that is both without a reasonable basis and clearly wrong"). Accordingly, plaintiff's first assignment of error is overruled.
 {¶ 20} In her second assignment of error, plaintiff contends the trial court abused its discretion by failing to grant her leniency because plaintiff was a pro se litigant.
 {¶ 21} In Sabouri v. Ohio Dept. of Job and Family Serv. (2001),145 Ohio App.3d 651, 654, this court observed that "[i]t is well established that pro se litigants are presumed to have knowledge of the law and legal procedures and that they are held to the same standard as litigants who are represented by counsel." See, also, CAT-Rental Store v. Sparto (Feb. 19, 2002), Clinton App. No. CA2001-08-024 ("Pro se litigants are bound by the same rules and procedures as litigants with retained counsel. * * * They are not to be accorded greater rights and are bound to accept the results of their own mistakes and errors, including those related to correct legal procedure"). (Citations omitted.); Wallace v. City of Rocky River, Cuyahoga App. No. 80182, 2002-Ohio-3901, at ¶ 17. Accordingly, plaintiff's second assignment of error is overruled.
 {¶ 22} In her third assignment of error, plaintiff contends the trial court erred in granting summary judgment in favor of the Dispatch because genuine issues of material fact exist concerning plaintiff's handicap discrimination claim.
 {¶ 23} R.C. 4112.02(A) prohibits an employer from discriminating against an employee due to handicap. "To establish a prima facie case of handicap discrimination, the person seeking relief must demonstrate (1) that he or she was handicapped, (2) that an adverse employment action was taken by an employer, at least in part, because the individual was handicapped, and (3) that the person, though handicapped, can safely and substantially perform the essential functions of the job in question." Columbus Civ. Serv. Comm. v. McGlone (1998), 82 Ohio St.3d 569, 571, citing Hazlett v. Martin Chevrolet, Inc. (1986), 25 Ohio St.3d 279, 281.
 {¶ 24} Here, the initial issue is whether plaintiff's evidence shows plaintiff was handicapped. At the time this case arose, former R.C. 4112.01(A)(13) defined "handicap" as "a physical or mental impairment that substantially limits one or more major life activities, including the functions of caring for one's self, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working; a record of physical or mental impairment; or being regarded as having a physical or mental impairment." Former R.C. 4112.01(A)(13) also protected an employee if an employer perceived the employee as handicapped. Wiegerig v. Timken Co. (2001), 144 Ohio App.3d 664, 671, citing McGlone at 572. In interpreting Ohio law, courts may look to federal regulations and case law interpreting the Americans with Disabilities Act ("ADA"). McGlone at 573.
 {¶ 25} In Sutton v. United Air Lines, Inc. (1999), 527 U.S. 471, at 482, 119 S.Ct. 2139, the United States Supreme Court construed "substantially limits" under the ADA as "requiring that a person be presently — not potentially or hypothetically — substantially limited in order to demonstrate a disability." The determination of whether a person has a disability under the ADA is an individual inquiry. Moreover, "if a person is taking measures to correct for, or mitigate, a physical or mental impairment, the effects of those measures — both positive and negative — must be taken into account when judging whether that person is `substantially limited' in a major life activity and thus `disabled' under the Act." Id. at 482; see, also, Section 1630.2(j)(1), Title 29, C.F.R. (defining "substantially limits" as "(i) [u]nable to perform a major life activity that the average person in the general population can perform; or (ii) [s]ignificantly restricted as to the condition, manner or duration under which an individual can perform a particular major life activity as compared to the condition, manner, or duration under which the average person in the general population can perform that same major life activity").
 {¶ 26} Here, in deposition testimony, plaintiff admitted that during the time of her claimed disability she usually ate out in fast food restaurants even though she had the capacity to go to a grocery store, typically took the bus to work, occasionally walked home from work, was able to drive a car to go shopping or attend a medical appointment, was able to climb stairs with difficulty, and was able to bathe herself. That evidence, construed in plaintiff's favor, does not support plaintiff's claim that she had a handicap under former R.C.4112.01(A)(13), as she presented no evidence she could not participate in a major life activity. To the contrary, the evidence shows she is capable of all of the noted activities.
 {¶ 27} Also referenced in McGlone, Section 1630.2(j)(3)(i), Title 29, C.F.R. provides that regarding the major life activity of working, "[t]he term substantially limits means significantly restricted in the ability to perform either a class of jobs or a broad range of jobs in various classes as compared to the average person having comparable training, skills and abilities. The inability to perform a single, particular job does not constitute a substantial limitation in the major life activity of working." See, also, Section 1630.2(j)(3)(ii), Title 29, C.F.R. (specifying factors to be considered in determining whether an individual is substantially limited in the major life activity of working).
 {¶ 28} In her deposition, plaintiff testified Dr. Jasna Vasilijevec stated in a letter sent to the Dispatch that plaintiff should be allowed to get up from her chair every one or two hours. (Plaintiff's Depo. 96, 119.) Dr. Vasilijevec apparently did not note any other restrictions in her letter. In Thompson v. KN Energy, Inc. (D.Kan. 2001), 177 F. Supp.2d 1238, 1250, construing Bolton v. Scrivner, Inc. (C.A.10, 1994), 36 F.3d 939, certiorari denied (1995), 513 U.S. 1152,115 S.Ct. 1104, the court observed "that the mere existence of physical restrictions, particularly those relating to manual labor, do not necessarily by themselves establish that an individual is substantially limited in the major life activity of working. Instead, an ADA plaintiff must `produce evidence showing a significant restriction in his "ability to perform either a class of jobs or a broad range of jobs in various classes."'" Id., quoting Bolton at 943, quoting 1630.2(j)(3)(i), Title 29, C.F.R. See, also, Wiegerig at 672, construing Sadinsky v. EBCO Mfg. Co. (1999), 134 Ohio App.3d 54 ("This court held that Sadinsky's back injury, which created restrictions on his working ability, did not rise to the level of a substantial limitation on a major life activity because he was capable of performing work outside his medical restrictions").
 {¶ 29} Here, even if plaintiff was limited in her ability to perform her job as operator, plaintiff did not produce any evidence of the kind required under Civ.R. 56 indicating a significant restriction in her ability to perform either a class of jobs or a broad range of jobs in various classes. See McGlone at 573 ("We agree with the Bridges [v. City of Bossier (C.A.5, 1996), 92 F.3d 329] court's interpretation that the position of firefighter does not constitute a class of jobs, but is merely one job. We further conclude that the inability to perform a single job does not present significantly increased hardship to a person's everyday routine living and working"). Plaintiff failed to show she was substantially limited with respect to the major life activity of working under former R.C. 4112.01(A)(13). Neither did plaintiff produce Civ.R. 56 evidence establishing a record of physical or mental impairment under former R.C. 4112.01(A)(13).
 {¶ 30} To succeed on a theory of perceived handicap, plaintiff must show that the Dispatch considered her alleged inability to meet the physical requirements for the Centrex operator position as foreclosing her from a class of jobs. See Wiegerig at 672. See, also, Sutton v. United Air Lines, Inc. (C.A.10, 1997), 130 F.3d 893, 904, affirmed (1999),527 U.S. 471, 119 S.Ct. 2139 ("in order to establish a disability under the `regarded as' prong of the ADA with respect to the major life activity of working, an individual must show that the employer regarded him or her as being substantially limited in performing either a class of jobs or a broad range of jobs in various classes").
 {¶ 31} Here, plaintiff again failed to produce Civ.R. 56 evidence that the Dispatch considered any alleged failure on her part to meet the physical requirements for the Centrex operator position as foreclosing her from a class of jobs or a broad range of jobs in various classes. Moreover, according to an affidavit submitted in support of the Dispatch's summary judgment motion, the Dispatch partially accommodated the restrictions Dr. Vasilijevec specified by outfitting plaintiff with a 15-20 foot cord on her head set, thereby allowing plaintiff to sit, stand or walk around.
 {¶ 32} The trial court did not err in concluding plaintiff failed to set forth evidence of a handicap. Plaintiff's third assignment of error is overruled.
 {¶ 33} In her fourth assignment of error, plaintiff contends the trial court erred in granting summary judgment concerning plaintiff's retaliation claim. Plaintiff asserts the trial court construed material facts against plaintiff.
 {¶ 34} "Ohio law prohibits retaliating against an employee who has opposed any unlawful discriminatory practice or has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding or hearing under R.C. 4112.01 through 4112.07. R.C. 4112.02(I). When analyzing retaliation claims, Ohio courts rely on federal case law. * * * To prove a claim of retaliation, a plaintiff must establish three elements: (1) that she engaged in protected activity, (2) that she was subjected to an adverse employment action, and (3) that a causal link exists between a protected activity and the adverse action. Once a plaintiff successfully establishes a prima facie case, it is the defendant's burden to articulate a legitimate reason for its action. If the defendant meets its burden, the burden shifts back to the plaintiff to show that the articulated reason was a pretext.
 {¶ 35} "The adverse action need not result in pecuniary loss, but must materially affect the plaintiff's terms and conditions of employment. * * * Factors to consider when determining whether an employment action was materially adverse include `termination of employment, a demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, significantly diminished material responsibilities, or other indices that might be unique to a particular situation.' * * * Changes in employment conditions that result merely in inconvenience or an alteration of job responsibilities are not disruptive enough to constitute an adverse employment action." Peterson v. Buckeye Steel Casings (1999),133 Ohio App.3d 715, 727. (Citations omitted.) Cf. Carney v. Cleveland Hts. — Univ. Hts. City School Dist. (2001), 143 Ohio App.3d 415,428-430, dismissed, appeal not allowed, 93 Ohio St.3d 1427.
 {¶ 36} Plaintiff's claim of retaliation is based on Bercovitz's allegedly assigning plaintiff to work six days per week on the next schedule issued following plaintiff's meeting with the Dispatch's director of personnel. In that meeting, plaintiff had discussed her concerns about excessive schedule changes that made it difficult to arrange physical therapy appointments. Whether plaintiff's meeting with the Dispatch's director of personnel to discuss concerns of excessive schedule changes is a protected activity is debatable because the meeting did not concern an unlawful discriminatory practice based on race, color, religion, sex, national origin, handicap, age, or ancestry. See, generally, R.C. 4112.02(I). Cf. Thatcher v. Goodwill Industries of Akron (1997), 117 Ohio App.3d 525, 535 (noting that for purposes of retaliatory discharge claim, employee's efforts to report to his supervisor other employees' alleged harassment and abuse of female employees constituted protected activity).
 {¶ 37} However, even if we assume plaintiff's meeting with the Dispatch's director of personnel was a protected activity, assigning plaintiff to work six days per week on the next schedule does not constitute an adverse employment action. See Peterson at 727. See, also, Kocis v. Multi-Care Mgt., Inc. (C.A.6, 1996), 97 F.3d 876, 885, citing Yates v. Avco Corp. (C.A.6, 1987), 819 F.2d 630, 638 ("reassignments without salary or work hour changes do not ordinarily constitute adverse employment decisions in employment discrimination claims").
 {¶ 38} Moreover, even if plaintiff established she was engaged in a protected activity that was subjected to an adverse employment action, plaintiff fails to establish a causal link between the alleged protected activity and the alleged adverse action. See Pflanz v. Cincinnati,149 Ohio App.3d 743, 2002-Ohio-5492, at ¶ 64 ("a `causal connection may be demonstrated by evidence of circumstances that justify an inference of retaliatory motive, such as protected conduct closely followed by adverse action.' But the mere fact that an adverse employment action occurs subsequent to the protected activity does not alone support an inference of retaliation"). (Footnotes omitted.)
 {¶ 39} In this case, the Dispatch attached affidavits in support of its summary judgment motion reflecting other employees were required to work a six-day week and, therefore, plaintiff was not retaliated against because she may have been required to work a six-day week. In response, plaintiff did not offer opposing evidence of the kind required by Civ.R. 56 to demonstrate a material issue of fact.
 {¶ 40} Because plaintiff failed to set forth evidence that she suffered adverse employment action, or that Bercovitz's assignment of plaintiff was causally linked to plaintiff's meeting with the Dispatch's director of personnel, the trial court did not err in granting summary judgment to the Dispatch regarding plaintiff's claim of retaliation in violation of R.C. 4112.02(I). Accordingly, plaintiff's fourth assignment of error is overruled.
 {¶ 41} Plaintiff's fifth assignment of error contends the trial court erred in granting summary judgment to the Dispatch on plaintiff's hostile work environment claim because the trial court wrongly concluded plaintiff was not handicapped.
 {¶ 42} "[T]o establish a prima facie case of a `hostile work environment,' pursuant to R.C. 4112.02, appellant [needs] to establish the following: (1) that [s]he had a protected handicap; (2) that [s]he was subjected to unwelcomed verbal or physical conduct; (3) that [s]he was harassed by such unwelcomed verbal or physical conduct; (4) that the alleged harassment had the effect of unreasonably interfering with h[er] work performance and created an intimidating, hostile, or offensive environment; and (5) that respondeat superior liability exists." Betosky v. Abbott Laboratories (Sept. 19, 1996), Franklin App. No. 96APE03-373. Here, as noted, plaintiff has not established she had a protected handicap under former R.C. 4112.01(A)(13); plaintiff therefore cannot establish a hostile work environment claim based on handicap. Accordingly, plaintiff's fifth assignment of error is overruled.
 {¶ 43} Plaintiff's sixth assignment of error addresses her constructive discharge claim. She contends the trial court erred in granting summary judgment to the Dispatch because the trial court wrongly determined plaintiff was not handicapped and wrongly construed material facts against plaintiff.
 {¶ 44} To determine whether an employee was constructively discharged, a court must determine "whether the employer's actions made working conditions so intolerable that a reasonable person under the circumstances would have felt compelled to resign." Mauzy v. Kelly Services, Inc. (1996), 75 Ohio St.3d 578, paragraph four of the syllabus. See, also, Keever v. City of Middletown (C.A.6, 1998),145 F.3d 809, 813, certiorari denied, 525 U.S. 963, 119 S.Ct. 407, quoting Easter v. Jeep Corp. (C.A.6, 1984), 750 F.2d 520, 522-523 (noting that to maintain claim of constructive discharge, plaintiff "would have to show that `working conditions would have been so difficult or unpleasant that a reasonable person in the employee's shoes would have felt compelled to resign' ").
 {¶ 45} Here, as demonstrated above, plaintiff has failed to establish she had a handicap under former R.C. 4112.01(A)(13). Therefore, plaintiff cannot establish she was constructively discharged based on an alleged handicap. Additionally, even if plaintiff established she was handicapped, the evidence construed in plaintiff's favor does not support her claim that her working conditions were so intolerable she felt compelled to resign. While the work schedule may have not been to her liking, the schedule, applied similarly to all Centrex employees, did not rise to the level of a constructive discharge. Accordingly, plaintiff's sixth assignment of error is overruled.
 {¶ 46} Having overruled all of plaintiff's assignments of error, we affirm the judgment of the trial court.
Judgment affirmed.
BOWMAN and McCORMAC, JJ., concur.
McCORMAC, J., retired, of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.