[This opinion has been published in *Ohio Official Reports* at 82 Ohio St.3d 569.]

CITY OF COLUMBUS CIVIL SERVICE COMMISSION, APPELLANT, *v.* MCGLONE ET AL., APPELLEES.

[Cite as *Columbus Civ. Serv. Comm. v. McGlone*, 1998-Ohio-410.]

*Civil Rights Commission—Complaint alleges discrimination against applicant for position as firefighter recruit on basis of a handicap, his visual impairment—Person denied employment because of a physical impairment is not necessarily "handicapped" pursuant to former R.C. 4112.01(A)(13).*

A person denied employment because of a physical impairment is not necessarily "handicapped" pursuant to former R.C. 4112.01(A)(13).

(No. 97-980—Submitted March 25, 1998—Decided August 12, 1998.)

APPEAL from the Court of Appeals for Franklin County, Nos. 96APE08-1032 and 96APE08-1083.

————————————

{¶ 1} Appellee James McGlone applied for a position as a firefighter recruit with the city of Columbus on April 2, 1990. At that time, the application process consisted of a written examination and a physical capability test. Applicants who passed those tests were ranked on an eligible list based on their combined scores. Applicants on the eligible list then moved on to the next phases of the process, which included an aerial ladder climb, a background review, and a medical examination which included a vision test. Applicants who failed any portion of the application process could not be considered for appointment to the firefighter training academy.

{¶ 2} McGlone was ranked number 156 on the eligible list after the written examination and physical capability test. He then successfully completed the ladder climb and background review portions of the process. However, McGlone failed the vision test portion of his medical examination. The city's visual acuity

standard requires a firefighter applicant to have not less than 20/40 vision in both eyes without correction, acuity of not less than 20/20 in both eyes with correction, and normal color vision. McGlone's vision was 20/100 in both eyes without correction. A person with 20/100 vision can see an object from twenty feet only as well as a person with 20/20 vision can see an object at one hundred feet. Since he failed the vision portion of the medical examination, McGlone was removed from the eligible list on June 9, 1992.

{¶ 3} On November 17, 1992, McGlone filed a charge with the Ohio Civil Rights Commission ("OCRC"), alleging that the city had discriminated against him on the basis of a handicap, his visual impairment. The OCRC investigated the charge, issued a complaint, and held a hearing. The OCRC hearing examiner found that the city had discriminated against McGlone on the basis of a perceived handicap and recommended that he be reinstated to the eligible list. The hearing examiner did not recommend any back pay. The OCRC adopted the hearing examiner's finding of discrimination, but also awarded back pay and ordered the city to offer McGlone employment as a firefighter.

{¶ 4} The city appealed that decision to the Franklin County Common Pleas Court. The common pleas court upheld the discrimination finding, but reversed the OCRC's remedy. The OCRC appealed the remedial portion of the court's decision; the city cross-appealed on the discrimination finding. The appellate court affirmed the finding of discrimination, holding that the city perceived McGlone to be handicapped and removed him from the eligible list because of that handicap, despite the fact that he could safely and substantially perform the essential functions of a firefighter with the reasonable accommodation of being allowed to wear contact lenses while on duty.

{¶ 5} With respect to the remedy, the appellate court reversed the trial court, holding that the remedy ordered by the OCRC was supported by reliable, probative, and substantial evidence.

**{¶ 6}** The cause is now before this court upon the allowance of a discretionary appeal.

—————————

*Janet E. Jackson*, City Attorney, *Sherrie J. Passmore*, Chief Labor Attorney, and *Stephanie M. Hughes*, Assistant City Attorney, for appellant.

*Michael G. Moore*, for appellee James McGlone.

*Betty D. Montgomery*, Attorney General, *Duffy Jamieson* and *Matthew D. Miko*, Assistant Attorneys General, for appellee Ohio Civil Rights Commission.

*Louis A. Jacobs*; *Spater, Gittes, Schulte & Kolman* and *Frederick M. Gittes*, urging affirmance for *amicus curiae*, Ohio Employment Lawyers Association.

—————————

**PFEIFER, J.**

**{¶ 7}** We hold that a person denied employment because of a physical impairment is not necessarily "handicapped" pursuant to former R.C. 4112.01(A)(13).

**{¶ 8}** To establish a prima facie case of handicap discrimination, the person seeking relief must demonstrate (1) that he or she was handicapped, (2) that an adverse employment action was taken by an employer, at least in part, because the individual was handicapped, and (3) that the person, though handicapped, can safely and substantially perform the essential functions of the job in question. *Hazlett v. Martin Chevrolet, Inc.* (1986), 25 Ohio St.3d 279, 281, 25 OBR 331, 333, 496 N.E.2d 478, 480. This case revolves around the first element, *i.e.*, whether McGlone was handicapped. At the time this case arose, the predecessor to the current R.C. 4112.01(A)(13) was in effect, and it defined "handicap" as follows:

" 'Handicap' means a medically diagnosable, abnormal condition which is expected to continue for a considerable length of time, whether correctable or uncorrectable by good medical practice, which can reasonably be expected to limit the person's functional ability, including, but not limited to, seeing, hearing,

thinking, ambulating, climbing, descending, lifting, grasping, sitting, rising, any related function, or any limitation due to weakness and significantly decreased endurance, so that he cannot perform his everyday routine living and working without significantly increased hardship and vulnerability to what are considered the everyday obstacles and hazards encountered by the non-handicapped." 143 Ohio Laws, Part III, 4156.

{¶ 9} In the current version of R.C. 4112.01(A)(13), even if a person is not handicapped, he can gain the protection of handicap discrimination laws if he is "regarded [by an employer] as having a physical or mental impairment." While the "regarded as handicapped" language was not part of the statute when this case arose, the pertinent Administrative Code section in effect at the time, Ohio Adm.Code 4112-5-02(H), included in its definition of a "handicapped person" "any person who is regarded as handicapped by a respondent." We therefore find that it was appropriate for the OCRC and the reviewing courts to consider whether the city perceived McGlone as handicapped.

{¶ 10} The question before this court then is whether a person can be foreclosed from a particular job based upon a physical impairment without at the same time being handicapped, or perceived as handicapped, under former R.C. 4112.01(A)(13), and therefore due the protections of the Ohio Civil Rights Act. We find that McGlone was neither handicapped nor perceived as handicapped by the city.

{¶ 11} To find that McGlone was handicapped, we would have to conclude that his nearsightedness was a "medically diagnosable, abnormal condition which is expected to continue for a considerable length of time * * * which can reasonably be expected to limit [his] functional ability * * * so that he cannot perform his everyday routine living and working without significantly increased hardship and vulnerability to what are considered the everyday obstacles and hazards encountered by the nonhandicapped."

4

{¶ 12} There is no dispute that McGlone's 20/100 vision is a medically diagnosable condition that is expected to continue. Whether that condition limits his functional ability so that he cannot perform his everyday routine living and working without significantly increased hardship is another matter. The record shows that McGlone leads a normal life. The fact that he wears eyeglasses or contact lenses is not a significant hardship. It is a common burden shared by millions, including a majority of this court.

{¶ 13} McGlone's nearsightedness has led to one major hardship in his life, his inability to become a firefighter. But the statute speaks in terms of "everyday routine living and working." It is a broad reference to a general quality of life. The handicap discrimination statute was designed to protect those who live with a handicap that significantly affects the way they live their lives on a day-to-day basis.

{¶ 14} The federal Americans with Disabilities Act ("ADA") is similar to the Ohio handicap discrimination law. It defines a disability as a "physical or mental impairment that substantially limits one or more of the major life activities of [an] individual." Section 12102(2)(A), Title 42, U.S.Code. We can look to regulations and cases interpreting the federal Act for guidance in our interpretation of Ohio law. *Little Forest Med. Ctr. v. Ohio Civ. Rights Comm.* (1991), 61 Ohio St.3d 607, 575 N.E.2d 1164.

{¶ 15} In its interpretation of the ADA, Section 1630.2(j)(3), Title 29, C.F.R. discusses what factors should be considered in determining whether an individual is substantially limited in a major life activity:

"With respect to the major life activity of *working* —

"(i) The term *substantially limits* means significantly restricted in the ability to perform either a class of jobs or a broad range of jobs in various classes as compared to the average person having comparable training, skills, and abilities.

*The inability to perform a single, particular job does not constitute a substantial limitation in the major life activity of working*." (Emphasis added.)

{¶ 16} There is no evidence that McGlone's vision disqualified him from a class of jobs or a wide range of jobs. The city merely precluded him from one position, firefighter. In *Bridges v. Bossier* (C.A.5, 1996), 92 F.3d 329, the court held that an applicant who was disqualified from performing firefighting jobs for the city based on a mild form of hemophilia was not disabled under the ADA, since the field of firefighting jobs was too narrow a field to constitute a "class of jobs." We agree with the *Bridges* court's interpretation that the position of firefighter does not constitute a class of jobs, but is merely one job. We further conclude that the inability to perform a single job does not present significantly increased hardship to a person's everyday routine living and working.

{¶ 17} Other federal courts have refused to find that nearsightedness constitutes a disability. In *Sutton v. United Air Lines, Inc.* (C.A.10, 1997), 130 F.3d 893, plaintiffs, twin sisters, were denied employment by United Air Lines for failure to have uncorrected vision of 20/100 or better in each eye. The *Sutton* court found that the impairment did not substantially limit a major life activity, and that the sisters were not disabled. In *Chandler v. Dallas* (C.A.5, 1993), 2 F.3d 1385, 1390, the court held that a person is not handicapped if his vision can be corrected to 20/200. In *Joyce v. Suffolk Cty.* (E.D.N.Y.1996), 911 F.Supp. 92, a plaintiff denied a job as a police officer because of impaired eyesight was found not to have a disability. See, also, *Walker v. Aberdeen-Monroe Cty. Hosp.* (N.D.Miss.1993), 838 F.Supp. 285; *Trembczsynski v. Calumet City* (Aug. 31, 1987), N.D.Ill. No. 87 C 0961, unreported, 1987 WL 16604.

{¶ 18} We conclude that McGlone's 20/100 vision is not a handicap under the statute. His vision problem did not create significantly increased hardship in McGlone's functional ability to perform his everyday living and working.

**{¶ 19}** We further conclude that the city did not perceive McGlone as handicapped. We stated above that the inability to perform a single job because of an abnormal condition does not transform that condition into a handicap. The city in this case considered McGlone nearsighted, not handicapped, merely lacking a single physical requirement for a single job. For McGlone to succeed on a theory of perceived handicap, the city would have had to consider McGlone's nearsightedness as foreclosing him from a class of jobs. There is no evidence that the city had such a perception.

**{¶ 20}** Accordingly, we reverse the judgment of the court of appeals in its entirety.

*Judgment reversed.*

MOYER, C.J., F.E. SWEENEY, COOK and LUNDBERG STRATTON, JJ., concur.

RESNICK, J., concurs in judgment only.

DOUGLAS, J., dissents.

_____