[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
Plaintiff-appellant Richard Yamamoto ("appellant") appeals from the decision of the Lake County Court of Common Pleas, which granted summary judgment in favor of defendants-appellees Midwest Screw Products, et. al ("appellees").
The facts giving rise to this appeal are as follows. Appellant was terminated from his job at Midwest Screw Products on June 3, 1999. Appellant brought suit alleging disability discrimination in violation of R.C. 4112.02 and Ohio public policy against disability discrimination. Appellees sought summary judgment asserting that appellant: is not and was never disabled, as defined under R.C. 4112.02; was terminated for insubordination and not due to any disability; and, no one was hired to replace him.
Appellant contends that he had a physical impairment that substantially limited his major life activities which was the basis for his termination. Moreover, appellant claims he was regarded as disabled by appellees. Appellant moved for summary judgment on the issue of liability.
On November 1, 2000, the trial court granted summary judgment in favor of appellees. The trial court found that no genuine issue of material fact exists because appellant failed to establish that he is disabled. Therefore, the trial court held appellant failed to establish that he was disabled, the first element of his prima facie claim for disability discrimination, and appellees were entitled to summary judgment as a matter of law.
Appellant timely appeals from this decision and advances four assignments of error for our review. At the outset, we note that this court reviews a trial court's grant of summary judgment de novo. Summary judgment is proper when:
 (1) there is no genuine issue as to any material fact;
 (2) the moving party is entitled to judgment as a matter of law; and
 (3) reasonable minds can come but to one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence construed most strongly in his favor."[1]
The party moving for summary judgment bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.[2]
We shall examine appellant's first three assignments of error initially as they all relate to establishing the first element of appellant's prima facie case for disability discrimination. Appellant's first assignment of error is as follows:
 "The trial court erred in concluding that Mr. Yamamoto was not disabled by virtue of his herniated disk and the associated physical limitations."
Appellant's second assignment of error is:
 "The trial court erred in not considering whether Mr. Yamamoto was `regarded as disabled'".
Appellant's third assignment of error states:
 "The trial court erred in concluding that Mr. Yamamoto is not disabled by virtue of a record of impairment."
The Ohio Civil Rights Act, R.C. 4112.02(A) prohibits disability employment discrimination. This statute provides that it shall be an unlawful discriminatory practice:
 "(A) For any employer, because of the race, color, religion, sex, national origin, disability, age, or ancestry of any person, to discharge without cause, to refuse to hire, or otherwise discriminate against that person with respect to hire, tenure, terms, conditions, or privileges of employment, or any matter directly or indirectly related to employment."
R.C. 4112.01(A)(13) defines disability as:
 "`Disability' means a physical or mental impairment that substantially limits one or more major life activities including the functions of caring for one's self, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working; a record of a physical or mental impairment; or being regarded as having a physical or mental impairment." (emphasis added).
R.C. 4112.02 is similar to the Americans with Disabilities Act ("ADA") regarding the definition of disability and the requirements for employers. The Supreme Court of Ohio looks to regulations and cases interpreting the ADA for guidance in interpreting Ohio law.[3]
The Supreme Court of Ohio has held that in order to establish a prima facie case of disability discrimination, the individual seeking relief must demonstrate (1) that he or she was disabled; (2) that an adverse employment action was taken by an employer, at least in part, because the individual was disabled, and; (3) that the person, though disabled, can safely and substantially perform the essential functions of the job in question.[4]
Pursuant to R.C. 4112.02(A)(13), an individual can establish the first element of a prima facie case for disability discrimination by showing that the physical or mental impairment substantially limits one or more life activities; by showing a clear record of physical or mental impairment; or by establishing that the employer regarded him as having a physical or mental impairment.
In the instant case, the trial court held that appellant failed to establish that his impairment substantially limits one or more life activities as defined in R.C. 4112.02. Therefore, the trial court ruled that appellant failed to make out a prima facie case for discrimination and granted appellee's summary judgment motion.
Pursuant to Civ.R. 56, when determining whether summary judgment is appropriate, the evidence presented shall be viewed most strongly in favor of the nonmoving party. Appellant's first assignment of error contends that the record shows sufficient evidence to establish that his impairment substantially limits a major life activity. Factors considered in determining whether an impairment substantially limits a major life activity include:
"(i) the nature and severity of the impairment;
 (ii) the duration or expected duration of the impairment; and
 (iii) the permanent or long term impact, or the expected permanent or long term impact of or resulting from the impairment."[5]
The term "substantially limits" has been defined as "significantly restricted in the ability to perform either a class of jobs or a broad range of jobs in various classes as compared to the average person having comparable training, skills and abilities.[6] "The inability to perform a single, particular job does not constitute a substantial limitation in the major life activity of working."[7]
The Supreme Court of the United States has recently defined the phrase "substantially limits" even more narrowly by defining it as, "an impairment that prevents or severely restricts the individual from doing activities that are of central importance to most people's daily lives. The impairment's impact must be permanent or long-term."[8]
Therefore, individuals asserting a claim for employment discrimination based on disability must provide sufficient evidence that they suffer a permanent or long-term disability that restricts them, not only from a wide range of jobs, but also from doing normal daily activities.
The record reveals appellant has a history of heart problems, including coronary heart disease requiring catheterization. Appellant had a vascular blockage in his left leg in March 1998 which required surgery in September 1998. Appellant testified that he had continuing leg and back pain from September 1998 through May 1999, which physicians thought were the result of the leg surgery.
On May 11, 1999 appellant was diagnosed with an arthritic condition in his back. This was thought to be the source of his back and leg pain. However, visits to a neurologist and his regular physician, a few weeks prior to the termination, never yielded any lifting or standing restrictions nor any restrictions on appellant's work hours. The record reveals that an MRI was done on June 23, 1999, approximately three weeks after his termination on June 3, 1999. The results of that evaluation ultimately led to a diagnosis of a "significant herniated disc" which caused the pain in the lumbar and gluteal areas as well as pain in the lateral calf region of appellant's left leg. His physician imposed a lift restriction of no more than twenty pounds but still no restriction was placed on his working hours. Moreover, prior to his termination, appellant never provided his employer with any working hour restriction recommended by a physician.
Appellant obtained a new job in September 1999, which required him to unload trucks and push freight. Appellant claimed, via cross-examination, he never lifted more than twenty-five pounds at his new job. However, he did not notify his new employer that he was disabled in any way but only that he had back and leg problems. Physicians did not place any restrictions on either his working hours or lifting requirements on his new job.
Moreover, appellant testified in his deposition that he does not consider himself disabled although he has frequent problems with his back and legs and has trouble bending over and lifting heavy objects. He also testified that he did not wear a weight belt or any other protective device at Midwest or his new job. Appellant also works regular overtime at his new job.
A review of the foregoing evidence reveals that appellant's impairment does not substantially limit him from performing the functions of his work nor does it restrict him from performing daily tasks. Appellant provides no clear evidence that his back injury is permanent or even long-term. Therefore, the trial court did not err in finding that appellant's impairment does not cause him to be disabled as defined in R.C. 4112.02.
Appellant's first assignment of error is without merit.
In his second assignment of error, appellant contends that the trial court erred in not considering whether appellant was "regarded as disabled" by appellees as set forth in R.C. 4112.02.
An individual bringing an action for employment discrimination based on a disability can also attempt to establish the first element of his prima facie case for discrimination by showing that the employer regarded him as disabled and subsequently took an adverse employment action against him. "If the employer perceives the employee as "disabled" or suffering from a disability, the employee is "disabled" for purposes of R.C.4112.02(A) regardless of whether the employee suffers from a disability as defined by R.C. 4112.01(A)(13)."[9]
An individual is "regarded" as having an impairment when he or she:
 "(1) Has a physical or mental impairment that does not substantially limit major life activities but is treated by a covered entity as constituting such limitation;
 "(2) Has a physical or mental impairment that substantially limits major life activities only as a result of the attitudes of others toward such impairment; or
 "(3) Has [no impairment] * * * but is treated by a covered entity as having a substantially limiting impairment."[10]
A covered entity is defined as an employer, employment agency, labor organization, or joint labor management committee.[11] According to the an Equal Employment Opportunity Commission (EEOC) interpretive guideline for a similar provision in the ADA, the purpose behind allowing an individual to recover for employment discrimination based on the employer's perception of him as being disabled is to reach those circumstances in which "myths, fears and stereotypes" affect the employer's treatment of an individual.[12] An employer cannot discharge an employee based on the perception that the employee is mentally or physically disabled.
Appellant testified in his affidavit, that the day prior to his termination, Mr. Gurewicz ("Gurewicz"), a company supervisor, told him that he had to work ten hours or he would be fired. Appellant testified that Gurewicz also stated, "If doctor's restrictions were applied where only eight hours could be worked, lock your tool box and go have your doctor put you on social security income disability because if you can't work ten hours I don't need you."
Moreover, Caroline Hopkins ("Hopkins"), a human resource employee at the company, testified that she was aware of appellant's health problems and that she told appellant she did not agree with the company's response to appellant's medical complaints.
Even if this evidence is construed most favorably in appellant's favor, there is no genuine issue of material fact as to whether appellee discharged appellant based on his perceived disability. Hopkins' statements cannot be attributed to Midwest due to Hopkins status as an employee and not a supervisor. These comments were simply from one coworker to another regarding the company and cannot, therefore, be interpreted as Midwest's perception of appellant.
The statement made by Gurewicz, although attributable to Midwest, does not demonstrate a company perception of appellant as disabled. In fact, the statement demonstrates the opposite perception. At most, the comments refer to Gurewicz's doubtfulness as to whether appellant was disabled due to appellant's failure to produce any sort of physician authorized work restrictions after the company requested such documentation. Therefore, the evidence on the record is not sufficient to establish a genuine issue of fact as to whether Midwest regarded appellant as disabled.
Appellant's second assignment of error is without merit.
Appellant's third assignment of error is another attempt to establish the first element of his prima facie case by a showing that appellant established a true record of impairment so as to be deemed disabled under R.C. 4112.02.
The EEOC has interpreted the "record of impairment" provision of the ADA, set forth in Section 1630.2(k), Title 29, C.F.R. as being a measure to ensure that individuals are not discriminated against because of a history of disability.[13] Although not addressed by the Ohio courts, some courts have defined "record of impairment" as an actual documented record, via physicians notices or other written documents, to the employer of an employee's history of disability.[14]Appellant contends that he has had a history of physical ailments such as coronary heart disease and vascular disease. Appellant cites two prior surgeries; namely, a heart catheterization in early 1998 and vascular leg surgery in January 1999. Appellant returned to work in both instances with short-term limitations on his work schedule per physician's order. He had not provided the company with any physician's written orders to limit his lifting loads or shorten his working hours for his most recent back and leg pain.
In order to establish a record of impairment, appellant must establish that he has a history of long-term or permanent disability which would qualify him as disabled under R.C. 4112.02. The disability must meet the statutory definition of being a substantial limitation on one or more major life activities.
In the instant case, appellant asserts that his history of medical ailments establishes a record of impairment which renders him disabled under R.C. 4112.02. However, using the same analysis for determining whether a particular ailment meets the definition for disability, appellant has not established a record of impairment under R.C. 4112.02. Appellant does have a history of heart disease and vascular disease which required surgeries, however, each surgery was followed by a short-term recovery period after which appellant returned to full-time working status. His current impairment never necessitated surgery, a written restriction on his working hours or a lifting restriction from a physician. Mere references to previous instances of ill-health followed by a short recovery period are not sufficient evidence of a record of impairment to establish true disability status under R.C. 4112.02.
Appellant's third assignment of error is without merit.
Appellant's fourth assignment of error is as follows:
 "The trial court erred in not granting summary judgment in favor of the Plaintiff by virtue of the unequivocal evidence that Plaintiff was terminated because he could not return to work without accommodation."
Appellant seeks a partial summary judgment on the issue of liability contending that appellee had a policy of not accommodating disabled employees which is a per se violation of R.C. 4112.02. Appellant asserts that appellee's failure to consider a modified work schedule for appellant coupled with appellant's termination after refusing to work ten hours per day results in a refusal to provide accommodation to a disabled employee.
Under both R.C. 4112.02 and the ADA, an employer is required to make "reasonable accommodation" for disabled employees or applicants for employment to enable them to qualify for jobs unless the employer can demonstrate that the accommodation would impose an undue hardship on the employer's business.[15] However, a duty to provide reasonable accommodations only arises when the employee meets the statutory definition of disabled.
In this case, appellant argues that appellee maintained a policy of not providing reasonable accommodations to disabled employees which is a per se violation of both R.C. 4112.02 and the ADA. However, as noted above, appellant is not disabled under either the Ohio or federal statute. Appellant may have periodic back and leg pain which could be classified as an injury, but he has not established a prima facie case for being disabled. The question of whether reasonable accommodations were or were not made cannot be addressed where appellant is not disabled. Therefore, appellee had no duty to make reasonable accommodations to the appellant for his injury.
In construing the evidence most favorably in appellee's favor, this court finds that the trial court did not err in not granting appellant's partial summary judgment motion.
Appellant's fourth assignment of error is without merit.
The judgment of the trial court is affirmed.
WILLIAM M. O'NEILL, P.J., DONALD R. FORD, J., concur.
[1] Leibreich v. A.J. Refrigeration, Inc. (1993), 67 Ohio St.3d 266,268, 1993-Ohio-12.
[2] Dresher v. Burt, 75 Ohio St.3d 280, 292-293, 1996-Ohio-107.
[3] Columbus Civ. Serv. Comm. v. McGlone, 82 Ohio St.3d 569, 573,1998-Ohio-410. (citations omitted).
[4] Hazlett v. Martin Chevrolet, Inc. (1986), 25 Ohio St.3d 279, 281
(citations omitted); Hood v. Diamond Products, Inc., 74 Ohio St.3d 298,1996-Ohio-259.
[5] Section 1630.2(j)(2)(i)-(iii), Title 29, C.F.R.
[6] Section 1630.2(j)(2), Title 29, C.F.R.
[7] Id.
[8] Toyota Motor Mfg., Kentucky, Inc. v. Williams, (2002),122 S.Ct. 681, 706.
[9] Markham v. Earle M. Jorgensen Co., (2000) 138 Ohio App.3d 484,500, (concurring opinion) (emphasis in original).
[10] Section 1630.2(l)(1)-(3), Title 29, C.F.R.
[11] Section 1630.2(b), Title 29, C.F.R.
[12] Plant v. Morton International, Inc. (2000), 212 F.3d 929, 938
citing Section 1630.2(1), Title 29, C.F.R.
[13] Interpretive Guidance on Title I of the Americans withDisabilities Act, Section 1630.2(j), Appendix, Title 29, C.F.R.
[14] Colwell v. Suffolk Cty. Police Dept. (C.A.2, 1998), 158 F.3d 635,645-646.
[15] Ohio Adm. Code 4112-5-08(E)(1), Section 12112(b)(5)(A), Title 42, U.S. Code.