**Sharon S. BREIER, Plaintiff–Appellant,**

v.

**ITT AUTOMOTIVE, INC., Defendant–Appellee.**

No. 03–3122.

United States Court of Appeals, Sixth Circuit.

May 18, 2004.

Francis J. Landry, Waserman, Bryan, Landry & Honold, Toledo, OH, for Plaintiff–Appellant.

Tybo A. Wilhelms, Mark S. Barnes, Bugbee & Conkle, Toledo, OH, for Defendant–Appellee.

Before RYAN, DAUGHTREY, and CLAY, Circuit Judges.

PER CURIAM.

The plaintiff, Sharon Breier, originally filed suit in state court against her employer, ITT Automotive, Inc., alleging disability discrimination, in violation of Ohio Revised Code § 4112.02(A), and retaliation, in violation of Ohio Revised Code § 4112.02(I). The case was removed to federal court on the basis of diversity and ultimately resulted in an order granting summary judgment to the defendant on both claims. The plaintiff now appeals, contending that the district court erred in concluding (1) that her medical conditions did not constitute a disability or give rise to a perception of disability, (2) that she had not suffered an adverse employment action caused by her medical conditions, and (3) that she had not been retaliated against by the defendant for bringing previous charges of discrimination. We find no basis on which to overturn the district court's order of dismissal and affirm.

Breier, who had been employed at the ITT plant for over 34 years when this action was filed, suffered from various medical complaints, including fibromyalgia, tendinitis of the hips, and depression. Breier worked in ITT's "bending department," where she was able to operate successfully several different tubing machines. Unfortunately, work in the bending department dropped off precipitously when ITT lost several large orders from various auto manufacturers, and the workforce in the bending department was drastically reduced, resulting in lay-offs of the plaintiff and many of her co-workers. Although the plaintiff claims that the defendant discriminated against her by failing to transfer her to another department, there is no evidence in the record to establish that there was a position for which she was physically qualified, given her medical re-strictions, except for "light-duty" and "transitional" jobs that were reserved for workers with temporary disabilities who were being transferred from disability status back into their jobs.

Dissatisfied with her lay-off, the plaintiff filed an unsuccessful grievance with the union and then filed this action against ITT. In ruling on the defendant's motion for summary judgment, the district court determined that the plaintiff had failed to make out a prima facie case either of discrimination or of retaliation.

In order to make out a prima facie case of disability discrimination, a plaintiff must prove "(1) that he or she was handicapped, (2) that an adverse employment action was taken by an employer, at least in part, because the individual was handicapped, and (3) that the person, though handicapped, can safely and substantially perform the essential functions of the job in question." *Columbus Civil Serv. Comm'n v. McGlone*, 82 Ohio St.3d 569, 697 N.E.2d 204, 206 (1998) (citing *Hazlett v. Martin Chevrolet, Inc.*, 25 Ohio St.3d 279, 496 N.E.2d 478, 480 (1986)). In interpreting the Ohio disability discrimination statute, the Ohio Supreme Court looks to regulations and cases interpreting the Americans with Disabilities Act for guidance. *See McGlone*, 697 N.E.2d at 206–07.

In addressing the first prong of the test, the district court in this case applied the Supreme Court's analysis in *Toyota Motor Manufacturing v. Williams*, 534 U.S. 184, 122 S.Ct. 681, 151 L.Ed.2d 615 (2002), and concluded that the plaintiff was not disabled for purposes of Ohio Revised Code § 4112.01(a)(13). Although Breier testified to certain limitations in her ability to carry out domestic chores, the record established that she could do many of the jobs in the bending department. The problem was that with the drastic downsiz-

ing of ITT's bending operation, there were no other identifiable jobs for which she was physically qualified. The court also found no basis, other than the employer's knowledge of her condition, to support her claim that she was perceived as having a disability.

The district court also concluded that the plaintiff did not suffer an adverse employment action that was attributable to her physical condition. The employment action of which she complained, her lay-off, was clearly the result of the downturn in ITT's business that ultimately resulted in the closing of the bending department. As the district judge noted, if the plaintiff had been able to show that ITT refused to transfer her to another department despite her seniority *and her ability to do the work*, the lay-off might well have been viewed as an adverse employment action for purposes of the disability discrimination statute. But, as the court noted, that evidence was simply not in the record.

Moreover, ITT was not legally required to transform a transitional, light-duty position into a permanent position in order to accommodate the plaintiff's physical limitations. *See Hoskins v. Oakland County Sheriff's Dep't.*, 227 F.3d 719, 730 (6th Cir.2000) (finding that Americans with Disability Act does not require an employer to turn a rotating "relief" job into a permanent position, because doing so would essentially require the creation of a new position, and the ADA does not require employers to create new positions for disabled employees); *Dalton v. Subaru–Isuzu Auto., Inc.*, 141 F.3d 667, 680 (7th Cir.1998) (holding that ADA does not require company to convert its temporary light-duty positions into full-time positions for disabled employees).

■ The district court also held that the plaintiff had failed to establish a prima facie case of retaliation under Ohio law, noting that there was no evidence that she had been the victim of retaliation "other than [her] subjective belief." Although the plaintiff contended that the filing of a prior discrimination action against the defendant qualified as "protected activity," the record fails to establish any causal relationship between her lay-off in 2000 and the 1999 lawsuit, filed over a year earlier. Certainly, the fact that the prior suit ended in a summary judgment *in the defendant's favor* shortly before this action was filed in 2000 is not enough to establish such a causal connection.

Finally, the district court held that even if the plaintiff could establish a prima facie case as to either of her two claims, the defendant had shown a legitimate, non-discriminatory reason for its inability to transfer the plaintiff to a new position in the plant and the plaintiff had failed to show that the business reason given by the employer was not the true reason for her continued lay-off but a pretext for discrimination. We agree, and we further note that this ruling by the district court is not challenged on appeal. Hence, even if we were to find that the district court erred in concluding that the plaintiff had failed to establish a prima facie case on either of her two claims, the result would be the same: the defendant in this case would be legally entitled to summary judgment on the complaint as a whole.

For the reasons set out above, we AFFIRM the judgment of the district court.