JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3.
Plaintiff-appellant Susan Golightly's sole assignment of error alleges that the trial court erred in granting defendant-appellee Ohio National Life Insurance Co.'s motion for summary judgment on her claims for disability discrimination.
In order to establish a prima facie case of disability discrimination, Golightly had to show that (1) she was disabled; (2) an adverse employment action was taken by Ohio National, at least in part, because she was disabled; and (3) though disabled, she could have safely and substantially performed the essential functions of the job in question. See Columbus Civ. Serv. Comm.v. McGlone, 82 Ohio St.3d 569, 1998-Ohio-410, 697 N.E.2d 204, citing Hazlett v. Martin Chevrolet, Inc. (1986),25 Ohio St.3d 279, 496 N.E.2d 478.
A "disability" is a physical or mental impairment that substantially limits one or more of an individual's major life activities. See Columbus Civ. Serv. Comm. v. McGlone, supra;Pflanz v. Cincinnati, 149 Ohio App.3d 743, 2002-Ohio-5492,778 N.E.2d 1073. "Major life activities" are those basic activities of "central importance to most people's daily lives" such as walking, working, performing household chores, taking care of personal hygiene, fixing meals and doing laundry. See R.C.4112.01(A)(13); Toyota Motor Mfg., Ky., Inc. v. Williams
(2002), 534 U.S. 184, 122 S.Ct. 681; House v. Kirtland CapitalPartners, 11th Dist. No. 2003-L-011, 2004-Ohio-3688; Hart v.Columbus Dispatch/Dispatch Printing Co., 10th Dist. No. 02AP-506, 2002-Ohio-6963.
Golightly's own evidence established that she was not "disabled." Golightly drove to and from work and walked between the parking garage and her desk. Golightly cleaned her apartment, did laundry, went grocery shopping, cooked meals, ran personal errands, climbed the stairs to her second-floor apartment, attended her son's basketball games, and spent up to five hours a day "surfing" on the Internet. Further, her physician determined that she was capable of performing "clerical/administrative" duties.
Golightly could not establish a prima facie case of disability discrimination because she was not "disabled." The trial court did not err in granting Ohio National's motion for summary judgment. The assignment of error is overruled.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Winkler, P.J., Doan and Gorman, JJ.