OPINION
{¶ 1} John Meyers ("appellant") appeals the judgment of the Franklin County Court of Common Pleas in favor of Barbara Gates McGrath, et al. ("appellees"). The appellant argues that the court of common pleas erred when it determined the following: (1) the appellant had not established that he suffers from a physical impairment that substantially limits major life activities; (2) he was not disabled within the meaning of R.C. 4112.01(A)(13) when he established a record of his physical disability; and (3) he was not disabled within the meaning of R.C.4112.01(A)(13) when he had been regarded as *Page 2 
having a disability. The appellant also argues that the Columbus Civil Service Commission ("commission") is estopped from denying the existence of his physical disability. Additionally, the appellant argues that the testing process used by the commission was not fair and objective, and thus violated various contract provisions and governmental regulations, and that the accommodation offered him for the 2002 examination was not reasonable. Because we find that the appellant was not disabled within the definition of R.C. 4112.01(A)(13), we affirm the judgment of the Franklin County Court of Common Pleas in favor of the appellees.
 {¶ 2} The appellant entered the employment of the City of Columbus, Department of Public Safety, Division of Police, on July 13, 1980. He was promoted to the rank of Police Lieutenant on February 9, 1997.
 {¶ 3} In April 2000, the appellant applied to take a promotional civil service examination for the rank of Police Commander. As such, he requested an accommodation for part of the examination due to tendonitis in his right hand and alleged that handwriting exacerbated the condition. In response to his request, the commission permitted him to use a computer word processor with the advanced features turned off for the written work sample component of the examination.
 {¶ 4} In January 2002, the appellant again applied for a promotional examination for the position of Police Commander to be held on April 18, 2002. In February 2002, the appellant requested an accommodation, in the form of a word processor, for the written work sample portion of the examination. He alleged tendonitis in his right elbow as the reason for the accommodation. On March 4, 2002, defendant-appellee Barbara Gates McGrath, the Executive Director of the commission ("director"), denied his request. *Page 3 
 {¶ 5} On March 12, 2002, the appellant filed an administrative appeal from the commission's decision. On March 25, 2002, the director of the commission modified the testing procedure, allowing the appellant to dictate his answers to the essay questions in the written work sample portion of the examination. The appellant filed an administrative appeal of the March 25, 2002 decision. The commission assigned the appeal for hearing on April 29, 2002.
 {¶ 6} On April 11, 2002, the appellant filed a complaint in the Franklin County Court of Common Pleas for a temporary restraining order, preliminary injunction, declaratory judgment, and damages, alleging, inter alia, a violation of R.C. Chapter 4112 and an Ohio public policy violation. On March 3, 2003, the appellees filed a motion to dismiss the action. The appellees also filed motions for summary judgment on March 4, 2003 and August 8, 2003. The appellant opposed these motions, and filed his own motions for summary judgment on May 1, 2003, and July 28, 2004, respectively.
 {¶ 7} On June 7, 2005, the trial court denied the appellant's motions for summary judgment, and sustained the appellees' motions in part. In particular, the trial court denied the appellees' motions regarding the appellant's employment discrimination claim. The case proceeded to trial on November 28, 2005 through December 2, 2005. On April 25, 2006, the trial court rendered a decision in favor of the appellees. The decision was journalized on May 17, 2006. The appellant presently appeals that decision, asserting the following six assignments of error:
 [1.] THE TRIAL COURT ERRED BY FINDING THAT PLAINTIFF DID NOT SUFFER FROM A "DISABILITY" WITHIN THE MEANING OF R.C. § 4112.01(A)(13) WHEN PLAINTIFF HAD ESTABLISHED THAT HE SUFFERS FROM A PHYSICAL IMPAIRMENT THAT SUBSTANTIALLY LIMITS MAJOR LIFE ACTIVITIES. *Page 4 
 [2.] THE TRIAL COURT ERRED BY FINDING THAT PLAINTIFF WAS NOT "DISABLED" WITHIN THE MEANING OF R.C. § 4112.01(A)(13) WHEN PLAINTIFF HAD ESTABLISHED A RECORD OF HIS PHYSICAL DISABILITY.
 [3.] THE TRIAL COURT ERRED BY FINDING THAT PLAINTIFF WAS NOT "DISABLED" WITHIN THE MEANING OF R.C. § 4112.01(A)(13) WHEN PLAINTIFF HAD ESTABLISHED THAT HE HAD BEEN REGARDED AS HAVING A PHYSICAL DISABILITY.
 [4.] THE DEFENDANTS ARE ESTOPPED TO DENY THE EXISTENCE OF PLAINTIFF'S PHYSICAL DISABILITY WITHIN THE MEANING OF R.C. § 4112.01(A)(13).
 [5.] THE TESTING PROCESS FOR THE POSITION OF POLICE COMMANDER WAS NOT "FAIR AND OBJECTIVE" AND THEREFORE VIOLATED THE APPLICABLE CONTRACT BETWEEN THE FRATERNAL ORDER OF POLICE AND THE CITY OF COLUMBUS AS WELL AS CONTROLLING GOVERNMENTAL REGULATIONS.
 [6.] ANY ACCOMMODATION OFFERED BY THE DEFENDANTS TO PLAINTIFF FOR THE 2002 POLICE COMMANDER'S PROMOTIONAL EXAMINATION WAS NOT A "REASONABLE ACCOMMODATION."
 {¶ 8} In his first assignment of error, the appellant argues that the trial court erred when it determined he did not suffer from a disability under R.C. 4112.01(A)(13), as he suffers from a physical impairment that substantially limits major life activities. The Ohio Civil Rights Act, as codified at R.C. 4112.02(A), prohibits discrimination in employment on the basis of a disability. In any disability discrimination lawsuit, the plaintiff has the burden of establishing a prima facie case of discrimination. In order to establish such a prima facie case of discrimination, a plaintiff must demonstrate that: (1) he or she is disabled; (2) he or she is otherwise qualified for the job, with or without a reasonable accommodation; (3) he or she suffered an adverse employment decision; (4) the *Page 5 
employer knew or had reason to know of the disability at the time of the employment decision; and (5) either the position remained open or was filled by another employee. Monette v. Elec. Data Sys. Corp. (C.A.6, 1996), 90 F.3d 1173, 1185.
 {¶ 9} We analyze appellant's claims under Ohio law in the same manner as discrimination claims under federal law. See Columbus Civ. Serv.Comm. v. McGlone (1998), 82 Ohio St.3d 569, 570. The federal Americans with Disabilities Act ("ADA") is similar to the Ohio disability law. We can look to regulations and cases interpreting the federal Act for guidance in our interpretation of Ohio law. McGlone, at 573.
 {¶ 10} R.C. 4112.01(A)(13) states:
 "Disability" means a physical or mental impairment that substantially limits one or more major life activities, including the functions of caring for one's self, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working; a record of a physical or mental impairment; or being regarded as having a physical or mental impairment.
 {¶ 11} The first step in the analysis of a discrimination claim is to determine whether the plaintiff has a disability. Thus, the appellant must (1) establish that he suffers from a physical impairment that substantially limits one or more of his major life activities; (2) demonstrate a record of physical or mental impairment; or (3) show that he is regarded as having a physical or mental impairment. R.C.4112.01(A)(13). We now turn to the first prong of this test. "Substantially limits," as set forth in R.C. 4112.01(A)(13), is defined as follows:
 (i) Substantially limits — (1) The term substantially limits means:
 (i) Unable to perform a major life activity that the average person in the general population can perform; or *Page 6 
 (ii) Significantly restricted as to the condition, manner, or duration under which an individual can perform a particular major life activity as compared to the condition, manner, or duration under which the average person in the general population can perform that same major life activity.
Section 1630.2(j)(1), Title 29, C.F.R.
 {¶ 12} Additionally, when determining whether an individual is substantially limited in a major life activity, the nature and severity of the impairment, the duration or expected duration of the impairment, and the permanent or long term impact, or expected permanent or long term impact of, or resulting from the impairment, must be considered. Section 1630.2(j)(2), Title 29, C.F.R.
 {¶ 13} The Supreme Court of the United States has defined the phrase "substantially limits" as "an impairment that prevents or severely restricts the individual from doing activities that are of central importance to most people's daily lives. The impairment's impact must also be permanent or long term." Toyota Motor Mfg. Kentucky, Inc. v.Williams (2002), 534 U.S. 184, 185, 122 S.Ct. 681. The Court has also held that corrective and mitigating measures must be considered when determining whether a plaintiff's impairment substantially limits one or more major life activities. Sutton v. United Airlines, Inc. (1999),527 U.S. 471, 482, 119 S.Ct. 2139.
 {¶ 14} "Major life activities" are defined as "functions such as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working." Section 1630.2(h)(i), Title 29, C.F.R. With regard to the major life activity of working, the term "substantially limits" means significantly restricted in the ability to perform either a class of jobs or a broad range of jobs in various classes as compared to the average person having comparable training, skills, and abilities. Section *Page 7 
1630.2(j)(3)(i), Title 29, C.F.R. The inability to perform a single,particular job does not constitute a substantial limitation in the majorlife activity of working. Id.; see, also, McGlone, supra, at 573 (emphasis added). While R.C. 4112.01(A)(13) includes "work" as a major life activity, the term is construed in the context of covering the most basic and fundamental of physical tasks in general, not specific jobs with specific employers. Bush v. Dictaphone Corp., Franklin App. No 00AP-1117, 2003-Ohio-883, at ¶ 35, citing Kemo v. St. Clairsville
(1998), 128 Ohio App.3d 178, 184.
 {¶ 15} We analyze the appellant's claim under the aforementioned framework. While the appellant has established that he suffers from tendonitis, he has not shown that it substantially limits his ability to work. The appellant's inability to write for extended periods of time does not constitute a substantial limitation in the major life activity of working, as noted supra. Additionally, the appellant offered no evidence to show that the extent of his limitation caused by his impairment was, in his own experience, substantial. See Toyota MotorMfg., supra, at 199. We therefore overrule his first assignment of error.
 {¶ 16} In his second and third assignments of errors, appellant argues the trial court erred by not finding him disabled. In order to establish such a record of impairment, a plaintiff must demonstrate that he or she has a history of long-term or permanent disability which qualifies as a substantial limitation on one or more major life activities.Yamamoto v. Midwest Screw Products, Lake App. No. 2000-L-200, 2002-Ohio-3362, at ¶ 29. Because we have determined that the appellant's condition does not substantially limit his ability to work, we must necessarily determine that he has not established a record of impairment to that end. *Page 8 
 {¶ 17} An individual bringing an action for employment discrimination based on a disability can additionally attempt to establish the first element of his or her prima facie case of discrimination by showing that the employer regarded him or her as disabled and subsequently took an adverse employment action against him or her. R.C. 4112.01(A)(13). An individual is "regarded" as disabled if he or she:
 (1) Has a physical or mental impairment that does not substantially limit major life activities but is treated by a covered entity as constituting such limitation;
 (2) Has a physical or mental impairment that substantially limits major life activities only as a result of the attitudes of others toward such impairment; or
 (3) Has none of the impairments defined in [Section 1630.2(h)(1) or (2), Title 29, C.F.R.] but is treated by a covered entity as having a substantially limiting impairment.
Section 1630.2(l)(1)-(3), Title 29, C.F.R.
 {¶ 18} The appellant contends that the appellees regarded him as disabled when it granted him a prior accommodation for the Commander's examination. In Plant v. Morton Intl. (C.A.6, 2000), 212 F.3d 929, the Sixth Circuit Court of Appeals rejected the plaintiff's contention that he was "regarded" as disabled under the ADA or handicapped within the meaning of Ohio's handicap discrimination law where his only evidence was that his employer "made accommodations for [his] medical restrictions." Likewise, the Ohio Tenth District Court of Appeals held in DeBolt v. Eastman Kodak Co., 146 Ohio App.3d 474, 2001-Ohio-3996, at ¶ 61, that the plaintiff's contention that Kodak was aware of his medical restrictions and provided an accommodation for them was insufficient to demonstrate that Kodak "regarded him" as being handicapped. Extending this line of reasoning to the case sub judice, the appellant's contention that the appellees were *Page 9 
aware of his tendonitis and had provided him a past accommodation is insufficient to demonstrate that the appellee regarded him as disabled. We accordingly overrule appellant's second and third assignments of errors.
 {¶ 19} In his fourth assignment of error, the appellant contends that appellees are estopped from denying the existence of his physical disability within the meaning of R.C. 4112.01(A)(13). The appellant's argument is unfortunately misguided. In Hortman v. Miamisburg,110 Ohio St.3d 194, 2006-Ohio-4251, at ¶ 25, the Supreme Court of Ohio reaffirmed the well-settled rule that the principle of estoppel does not apply against a state or its agencies in the exercise of a governmental function. Because the promotional process within a municipal police department falls within the purview of a governmental function, the doctrines of equitable and promissory estoppel are inapplicable against appellees here. The appellant's fourth assignment of error is overruled.
 {¶ 20} In his fifth assignment of error, the appellant contends that the testing process for the position of Police Commander was not "fair and objective" and therefore violated the contract between the Fraternal Order of Police and the City of Columbus, as well as controlling governmental regulations. While the appellant attempts to resurrect this argument at the appellate level, the argument was the subject of the second claim of the appellant's amended complaint, and was dismissed by him on November 18, 2005. As such, the appellant cannot now relitigate the claim. His fifth assignment of error is overruled.
 {¶ 21} In his sixth and final assignment of error, the appellant asserts that the accommodation offered to him by the appellee was not a "reasonable accommodation." Because we have determined in our analysis of the appellant's first through third *Page 10 
assignments of error that he is not "disabled" for purposes of R.C.4112.01(A)(13), we overrule his sixth assignment of error.
 {¶ 22} In our view, because appellant has neither demonstrated that he is disabled or regarded as disabled by the appellees, nor established a record of impairment for purposes of satisfying the definition of "disabled" under R.C. 4112.01(A)(13), we affirm the judgment of the trial court.
Judgment affirmed.
HARSHA and ABELE, JJ., concur.
 McFARLAND, HARSHA and ABELE, JJ., of the Fourth Appellate District, sitting by assignment in the Tenth Appellate District. *Page 1