**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 08a0247n.06
Filed: May 8, 2008

**07-3924**

# UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| CHERYL THOMAS, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| AVON PRODUCTS, INC., | ) | THE SOUTHERN DISTRICT OF |
| | ) | OHIO |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | |

Before: DAUGHTREY, COOK, and FARRIS,[*] Circuit Judges.

FARRIS, Circuit Judge.

Cheryl Thomas appeals the district court's grant of summary judgment in favor of Avon Products, Inc. on her Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, and Ohio Rev. Code § 4112.02 claims.[1] We review a district court's

---

[*] The Honorable Jerome Farris, United States Circuit Judge for the Ninth Circuit, sitting by designation.

[1] The Ohio Supreme Court follows ADA regulations and case law in its interpretation of Ohio Rev. Code § 4112.02. *See City of Columbus Civil Serv. Comm'n v. McGlone*, 697 N.E.2d 204, 206-07 (Ohio 1998). We analyze

grant of summary judgment de novo. *Johnson v. Karnes*, 398 F.3d 868, 873 (6th Cir. 2005). We affirm.[2]

## I

Thomas asserts that she is disabled under the ADA due to migraines that substantially limit the major life activity of caring for herself. *See* 42 U.S.C. § 12102(2)(A). The record contradicts Thomas's claim. Thomas admitted that she can bathe and dress herself and is able to drive; her limitation appears to be that she is unable to use scented soaps due to her odor sensitivity. Thomas is not substantially limited in the major life activity of self-care.

Thomas also claims that she is substantially limited in the major life activity of working. The record contains no evidence that her odor sensitivity significantly restricts her from a class of jobs that utilize her manufacturing skills. *See McKay v. Toyota Motor Mfg.*, 110 F.3d 369, 372-73 (6th Cir. 1997). Thomas fails to show that she is precluded from a broad range of jobs. *See Burns v. Coca-Cola Enters., Inc.*, 222 F.3d 247, 253 (6th Cir. 2000); *see also* 29 C.F.R. § 1630.2(j)(3)(i). Thomas offers no evidence that jobs without odor exposure are

Thomas's § 4112.02 claim under the rubric of the ADA.

[2]     Thomas has waived an appeal of her Family Medical Leave Act claim.

unavailable in her geographic area. *See Sutton v. United Air Lines*, 527 U.S. 471, 492 (1999) ("[I]f a host of different types of jobs are available, one is not precluded from a broad range of jobs."). To the contrary, Thomas found a warehouse job in an odor-free environment after Avon placed her on leave.

Thomas also contends that Avon's attempt to outfit her with a respirator shows that the company regarded her as substantially limited in a major life activity. Avon's action shows only that it was attempting to follow the treatment advice of Thomas's physician, who recommended the respirator. It does not show that Avon regarded Thomas as substantially limited in any major life activity. *See Mahon v. Crowell*, 295 F.3d 585, 592 (6th Cir. 2002) (holding that an employer's attempt to alter work requirements to suit a plaintiff's injury was not evidence that the employer "wrongly view[ed] [the plaintiff] through a stereotype of disability.").

## II

Thomas claims that Avon placed her on disability leave in retaliation for her decision to file an EEOC complaint. Thomas's retaliation claim fails on causation grounds; there is no evidence of causation. Further, Thomas cannot rely on the temporal proximity between Avon's knowledge that she filed an EEOC complaint and the alleged adverse action of placing her on disability leave. The alleged

3

adverse action preceded Thomas's protected activity. *Cf. Nguyen v. City of Cleveland*, 229 F.3d 559, 563 (6th Cir. 2000) ("[E]vidence . . . that the adverse action was taken shortly *after* the plaintiff's exercise of protected rights is relevant to causation." (emphasis added)).

**AFFIRMED.**