[Cite as *Winkfield v. Ohio Dept. of Dev. Disabilities*, 2011-Ohio-4854.]



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

KIMBERLY E. WINKFIELD

   Plaintiff

   v.

OHIO DEPARTMENT OF DEVELOPMENTAL DISABILITIES

   Defendant

   Case No. 2010-08977

Judge Joseph T. Clark

DECISION

{¶1}   On December 20, 2010, defendant filed a motion for summary judgment pursuant to Civ.R. 56(B).  On January 24, 2011, with leave of court, plaintiff filed her response.  Defendant's January 25, 2011 motion for leave to file a reply is GRANTED instanter.  On March 23, 2011, the court conducted an oral hearing on defendant's motion.

{¶2}   Civ.R. 56(C) states, in part, as follows:

{¶3}   "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  No evidence or stipulation may be considered except as stated in this rule.  A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party

against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor." See also *Gilbert v. Summit County*, 104 Ohio St.3d 660, 2004-Ohio-7108, citing *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317.

{¶4} Plaintiff began her employment with the Columbus Development Center (CDC), a division of defendant, as a therapeutic program worker in 2003. Plaintiff was a member of the collective bargaining unit. In 2005, plaintiff notified human resources that she was diagnosed with multiple sclerosis and she used five days of leave under the Family and Medical Leave Act (FMLA).

{¶5} On July 9, 2009, plaintiff interacted with CDC residents in "day hab" where they had been dancing and playing kickball. In the afternoon, plaintiff drove a state-owned van to transport residents from the recreation center to their housing unit. While driving the van to pick up the residents, the van hit another vehicle in the parking lot causing damage to both vehicles. Plaintiff was cited for failure to control and for operating a vehicle the wrong way on a one-way street.

{¶6} On August 19, 2009, a pre-hearing disciplinary conference was held to determine if plaintiff should be terminated, pursuant to defendant's progressive policy, inasmuch as plaintiff had two disciplinary actions on record. Plaintiff was terminated from her employment at CDC effective September 1, 2009. On March 4, 2010, an arbitrator heard plaintiff's appeal pursuant to the collective bargaining agreement and upheld plaintiff's termination.

{¶7} In this action, plaintiff claims that, just prior to the motor vehicle accident on July 9, 2009, she suffered a momentary loss of consciousness due to multiple sclerosis and that the termination of her employment by defendant constitutes discrimination in violation of R.C. 4112.02.[1] Plaintiff submitted the deposition of Scott Flynn, the current Chief of Police for CDC. He testified that on July 9, 2009, he responded to plaintiff's accident and that he cited plaintiff for failure to control and for operating a vehicle the wrong way on a one-way street. He also related that plaintiff told him after the accident that she felt dizzy and that she did not have any recollection of her van hitting the other vehicle.

{¶8} R.C. 4112.02 states, in part: "It shall be an unlawful discriminatory practice: (A) For any employer, because of the * * * disability * * * of any person, to discharge without just cause, to refuse to hire, or otherwise to discriminate against that person with respect to hire, tenure, terms, conditions, or privileges of employment, or any matter directly or indirectly related to employment."

{¶9} To establish a prima facie case of disability discrimination pursuant to R.C. 4112.02, plaintiff must demonstrate: "(1) that he or she was handicapped, (2) that an adverse employment action was taken by an employer, at least in part, because the individual was handicapped, and, (3) that the person, though handicapped, can safely and substantially perform the essential functions of the job in question." *Columbus Civ. Serv. Comm. v. McGlone,* 82 Ohio St.3d 569, 571, 1998-Ohio-410.

{¶10} Under Ohio law, an individual has a "disability" if he or she has "a physical or mental impairment that substantially limits one or more major life activities, including the functions of caring for one's self, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working; a record of a physical or mental impairment; or being regarded as having a physical or mental impairment." R.C. 4112.01(A)(13).

{¶11} Although multiple sclerosis is identified as a physical or mental impairment pursuant to R.C. 4112.01(A)(13) and R.C. 4112.01(A)(16)(a)(iii), "a physical impairment, standing alone, does not necessarily constitute a disability * * *." *Kirkendall v. United Parcel Service, Inc.* (W.D.N.Y. 1997), 964 F.Supp. 106, 109. Consequently, plaintiff must still demonstrate that her impairment substantially limits one or more major life activities. *Fitzmaurice v. Great Lakes Computer Corp.,* 155 Ohio App.3d 724, 2004-Ohio-235, ¶12.

{¶12} Under the former version of 29 C.F.R. 1630.2(j) which was in effect at all times relevant, "substantially limits" means: "(i) Unable to perform a major life activity that the average person in the general population can perform; or (ii) Significantly restricted as to the condition, manner or duration under which an individual can perform a particular major life activity as compared to the condition, manner, or duration under which the average person in the general population can perform the same major life activity."

---

[1]At the oral hearing, plaintiff conceded that she cannot produce sufficient evidence to support her claims for failure to provide a reasonable accommodation and wrongful discharge in violation of public policy.

{¶13} Defendant asserts that plaintiff does not have a disability within the meaning of the law. In support of its motion for summary judgment, defendant filed the deposition of plaintiff. It states, in part:

{¶14} "Q: Do you have multiple sclerosis?

{¶15} "A: Yes.

{¶16} "Q: When did you develop that?

{¶17} "A: In 2005.

{¶18} "Q: When was it diagnosed?

{¶19} "A: In 2005. May of 2005.

{¶20} "Q: Have you been told to the extent or the degree to which you have it?

{¶21} "A: No. I just have - - I think they call it intermediate MS.

{¶22} "Q: What does that mean?

{¶23} "A: Just going through life. I really don't have too many problems. I'm not bedridden or anything like that." (Winkfield Deposition, Page 51, Lines 2-15.)

{¶24} Plaintiff testified that in 2005, when she was diagnosed with multiple sclerosis, she experienced numbness on the right side of her body. However, she acknowledged that she has had no other physical problems arising from her multiple sclerosis after 2005, and that she had no other communications with human resources regarding her condition.

{¶25} Defendant next argues that the sole reason that plaintiff's employment was terminated was the damage she caused to state property, and that her multiple sclerosis had nothing to do with the decision. "To prove discrimination, an employee must demonstrate that the employer knew, or should have known, of the employee's handicap and resulting limitations." *Beauchamp v. CompuServe, Inc.* (1998), 126 Ohio App.3d 17, 25.

{¶26} In support of her claim, plaintiff relies upon a letter written by her physician, Dr. Racke, dated September 9, 2009. In the letter, Dr. Racke informs defendant that during a multiple sclerosis relapse, a person may have problems with walking, weakness, imbalance, and visual disturbances. However, the letter was not sent to defendant until after plaintiff's employment was terminated.

---

Therefore, summary judgment is GRANTED in favor of defendant as to such claims.

{¶27} There is no dispute that defendant knew that plaintiff suffered from multiple sclerosis, as an impairment, when she filed for FMLA leave in 2005. However, there is no evidence that defendant knew of any limitation plaintiff suffered as a result of the multiple sclerosis prior to the termination of her employment.

{¶28} According to plaintiff, she provided defendant with a note from her doctor during a pre-disciplinary meeting. However, plaintiff has not produced this letter nor did she relate the specific contents of the letter during her deposition. Plaintiff also admitted in her deposition that she did not mention the July 9, 2009 incident to Dr. Racke when she saw him at a regularly scheduled appointment in mid-August of 2009 even though she knew, at that time, that CDC could remove her for such an incident.

{¶29} In short, even if the court were to assume that plaintiff could establish that she had a "disability" under R.C. 4112.02, plaintiff cannot meet the second element of a prima facie case for disability discrimination. Absent evidence upon which it may be inferred that defendant knew, or should have known, prior to her discharge, that plaintiff experienced certain physical limitations, plaintiff cannot show that her employment was terminated "at least, in part," because was disabled.

{¶30} Accordingly, defendant's motion for summary judgment shall be granted and judgment shall be rendered in favor of defendant.



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

KIMBERLY E. WINKFIELD

     Plaintiff

     v.

OHIO DEPARTMENT OF DEVELOPMENTAL DISABILITIES

     Defendant
     Case No. 2010-08977

Judge Joseph T. Clark

## JUDGMENT ENTRY

{¶31} An oral hearing was conducted in this case upon defendant's motion for summary judgment. For the reasons set forth in the decision filed concurrently herewith, defendant's motion for summary judgment is GRANTED and judgment is rendered in favor of defendant. Court costs are assessed against plaintiff. The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

_____
JOSEPH T. CLARK
Judge

cc:

Eric A. Walker
Assistant Attorney General
150 East Gay Street, 18th Floor
Columbus, Ohio 43215-3130

Erica A. Probst
88 West Mound Street
Columbus, Ohio 43215-5084

JSO/dms
Filed August 4, 2011

To S.C. reporter September 22, 2011