[Cite as *Bibee v. Gen. Revenue Corp.*, 2013-Ohio-1753.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

|  |  |  |
|---|---|---|
| CAROL BIBEE, | : | APPEAL NO. C-120577 |
|  |  | TRIAL NO. A-1004149 |
| Plaintiff-Appellant, | : |  |
|  |  |  |
| vs. | : | *O P I N I O N.* |
|  |  |  |
| GENERAL REVENUE | : |  |
| CORPORATION, |  |  |
|  | : |  |
| Defendant-Appellee. |  |  |

Civil Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal:  May 1, 2013

*Tobias, Torchia & Simon* and *David Torchia*, for Plaintiff-Appellant,

*Kevin T. Dreyer*, for Defendant-Appellee.

Note: we have removed this case from the accelerated calendar.

**DEWINE, Judge**.

{¶1}    This is an appeal from a summary judgment in favor of an employer in a case of alleged disability discrimination.  We conclude that the plaintiff did not qualify as "disabled" under Ohio or federal law because she failed to present sufficient evidence that she was substantially limited in any major life activity.  Accordingly, upon de novo review, we uphold the trial court's grant of summary judgment.

I.

{¶2}    In September 2007, Carol Bibee began working for the General Revenue Corporation ("GRC") as a "client reporting representative."  Her position was eliminated during a company-wide downsizing in August 2008.  According to GRC, Ms. Bibee's position was selected for elimination because she had the lowest performance rating among nine client reporting representatives.  GRC gave Ms. Bibee the option of receiving a severance package or filling an open position in the payment processing department.  She chose the latter.  Although the payment processing position had a lower job grade with a lower base pay, Ms. Bibee received the same actual pay that she had received in client reporting.

{¶3}    Ms. Bibee had performance issues in the payment processing position.  GRC contends that the performance issues involved accuracy.  Ms. Bibee suggests that the issues were about slowness, due to arthritis.  In November 2008, GRC's human resources director and GRC's payment processing manager met with Ms. Bibee to discuss the problems.  She was given a choice between accepting the severance package that she had been offered in August 2008 or continuing as payment processor subject to further review and performance improvement.  Ms.

Bibee chose to remain in her job. On December 5, 2008, Ms. Bibee signed a letter confirming that she agreed to stay in the payment processor position. That same day she went home ill. She did not return to work. Instead, she filed for short-term disability and, later, long-term disability.

{¶4}    Ms. Bibee subsequently sued GRC for age discrimination, tortious discharge in violation of public policy, disability discrimination, and retaliatory discrimination. GRC moved for summary judgment on all claims. At the summary judgment hearing, Ms. Bibee abandoned all her claims except her claims for disability discrimination under the Americans with Disabilities Act, 42 U.S.C. 12102 et seq. ("ADA"), and under Ohio law, R.C. 4112.02(A). The trial granted summary judgment on the complaint in its entirety, concluding that she had failed to establish a prima facie case of disability discrimination. This appeal followed.

## II.

{¶5}    The crux of Ms. Bibee's disability-discrimination claims is that she was disabled by arthritis in her hands while in the payment processor position and that GRC failed to accommodate her disability. In an affidavit proffered in reply to GRC's motion for summary judgment, Ms. Bibee avers that she requested a different keyboard and left-handed mouse to minimize her arthritis pain, and that this "reasonable accommodation" was denied by the company.

{¶6}    Under both the ADA and Ohio law, it is unlawful to discriminate on the basis of disability in regard to hiring, firing and other terms, conditions and privileges of employment. 42 U.S.C. 12112(a); R.C. 4112.02(A). It is a discriminatory practice to fail to make a reasonable accommodation to an otherwise qualified

individual with a disability unless such accommodation would cause the employer an undue hardship. 42 U.S.C. 12112(b)(5)(a); s*ee Kent State Univ. v. Ohio Civ. Rights Comm.*, 64 Ohio App.3d 427, 581 N.E.2d 1135, 1140-1141 (11th Dist.1989).

{¶7} Because the ADA and the Ohio disability-discrimination law are similar, Ohio courts look to federal cases and regulations to aid in interpreting the Ohio law. *Columbus Civ. Serv. Comm. v. McGlone*, 82 Ohio St.3d 569, 573, 697 N.E. 2d 204 (1998). The events alleged in Ms. Bibee's complaint occurred in 2008, so we apply the version of the ADA in place prior to amendments made effective on January 1, 2009. *See Milholland v. Sumner Cty. Bd. of Edn.*, 569 F.3d 562 (6th Cir.2009).

{¶8} To succeed on her claim for failure to reasonably accommodate her disability, Ms. Bibee was required to demonstrate "(1) that [she] was disabled; (2) that [GRC] was aware of the disability; and (3) that [she] was an otherwise qualified individual with a disability in that [she] satisfied the prerequisites for the position and could perform the essential functions of the job with or without accommodation." *Pflanz v. Cincinnati*, 149 Ohio App.3d 743, 2002-Ohio-5492, 778 N.E.2d 1073 (1st Dist.), ¶ 12, citing *Shaver v. Wolske & Blue*, 138 Ohio App.3d 653, 663-664, 742 N.E.2d 164 (1oth Dist.2000); s*ee Bultemeyer v. Fort Wayne Community Schools*, 100 F.3d 1281 (7th Cir.1996).

{¶9} Entry of summary judgment is appropriate against a party who fails to establish the existence of an element essential to the party's case upon which the party bears the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In reviewing the evidence in the light most

favorable to Ms. Bibee, we conclude that she did not present sufficient evidence that she was disabled, as defined in the federal and Ohio statutes.

{¶10} R.C. 4112.01(A)(13) defines a disability as "a physical or mental impairment that substantially limits one or more major life activities, including the functions of caring for one's self, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working; a record of a physical or mental impairment; or being regarded as having a physical or mental impairment." The pre-2009 ADA defined disability similarly: "(A) a physical or mental impairment that substantially limits one or more of the major life activities of such an individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." Former 42 U.S.C. 12102(1). In this case, there is no assertion that Ms. Bibee was "regarded" as having a disability, and only the first part of the definitions are at issue.

{¶11} In her affidavit, Ms. Bibee avers that she suffers from arthritis in her hands, which, in time, caused severe pain in her right shoulder and neck and impingement syndrome in her right shoulder. She also states that in the fall of 2008, she suffered from depression and anxiety about having been removed from the client reporting department. Even if we assume that the averments are sufficient to create a genuine issue of material fact about whether she had an impairment, she has failed to set forth evidence that she is substantially limited in one or more major life activities.

{¶12} Ms. Bibee contends that she had impairments that substantially limited her major life activities of performing manual tasks and working. Equal Employment Opportunity Commission ("EEOC") regulations include both

"performing manual tasks" and "working" as "major life activities." Former 29 C.F.R. 1630.2(i).[1]

### A.

{¶13}   The United States Supreme Court has held that "[t]o be substantially limited in performing manual tasks, an individual must have an impairment that prevents or severely restricts the individual from doing activities that are of central importance to most people's daily lives." *Toyota Motor Mfg., Kentucky, Inc. v. Williams*, 534 U.S. 184, 198, 122 S.Ct. 681, 151 L.Ed.2d 615 (2002); *see* former 29 C.F.R. 1630(j).  "If each of the tasks included in the major life activity of performing manual tasks does not independently qualify as a major life activity, then together they must do so."  *Williams* at 197.  Further, "[t]he impairment's impact must also be permanent or long-term." *Id.*

{¶14}   The only evidence set forth by Ms. Bibee in support of her claim that she was substantially limited in her ability to perform manual tasks is a single paragraph in her affidavit in which she asserts that she cannot hold or grasp items except for short periods of time or twist lids off bottles, that she has great difficulty closing her hands to smaller things, and that typing and writing is difficult and painful.

{¶15}   Plainly, the ability to twist the lids off of bottles is not of "central importance to most people's daily lives."  Nor are we convinced that her complaints about difficulties closing her hands and grasping items—even if believed—are

---

[1] In *Toyota Motor Mfg., Kentucky, Inc. v. Williams*, 534 U.S. 184, 194, 122 S.Ct. 681, 151 L.Ed.2d 615 (2002), although noting that "the persuasive authority of the EEOC regulations" was not clear,  the United States Supreme Court "assume[d] without deciding" that the EEOC regulations were reasonable because they were accepted as such by both parties.  Similarly, in the case at bar both parties rely upon the EEOC regulations.

sufficient to show that she is unable to perform activities of central importance to most people's daily lives.

{¶16}   Her most significant complaint seems to be that typing and writing are difficult and painful.  It is not clear that these activities are of "central importance" to most people's lives, but even were we to assume that they are, Ms. Bibee still must show that her impairment is "substantial."  That is, she must "demonstrate that she is severely restricted in [performing the tasks] as compared to how the average person in the general population would perform the same tasks." *Amann v. Potter*, 105 Fed. Appx. 802, 806-807 (6th Cir.2004).  *See* former 29 C.F.R. 1630.2(j)(1).  On the record before us, we cannot say that she has done so.  Her own affidavit reveals that while her arthritis affected the speed of her data entry, it did not preclude her from performing such tasks. She was able to type memoranda and write handwritten notes to her supervisors at GRC.  In fact, examples of memoranda typed by Ms. Bibee and handwritten notes prepared by her are included in the deposition exhibits that are part of the record before us.

{¶17}   Accordingly, we do not believe that any of the assertions in her affidavit relating to various manual tasks are sufficient to establish a substantial limitation in the ability to perform an activity of central importance to most people's lives.  Nor are we able to say that the restrictions that Ms. Bibee claims, taken together, equate to a substantial limitation in a major life activity.  *See Williams*, 534 U.S. at 197, 122 S.Ct. 681, 151 L.Ed. 2d 615.

B.

{¶18}   Ms. Bibee also has failed to make a sufficient showing that she was substantially limited in the major life activity of working.[2]  To establish a substantial limitation in the ability to work, a plaintiff must show that she is "significantly restricted" in her ability "to perform either a class of jobs or a broad range of jobs in various classes as compared to the average person having comparable training, skills and abilities."  Former 29 C.F.R. 1630.2(j)(3)(i); *see also Sutton v. United Air Lines, Inc.*, 527 U.S. 471, 491, 119 S.Ct. 2139, 144 L.Ed.2d 450 (1999).

{¶19}   The Sixth Circuit Court of Appeals, for example, concluded that a telephone operator with carpal tunnel syndrome and lift restrictions did not present sufficient evidence to create a genuine issue of material fact where her expert, a certified employment consultant, "did not compare [the plaintiff's] access to jobs to the access available to a non-injured individual with similar training and experience, looking specifically to the labor market in [the plaintiff's] geographic vicinity." *Gerton v. Verizon S. Inc.*, 145 Fed. Appx. 159, 168 (6th Cir.2005).  Similarly in *Law v. Scottsville*, 6th Cir. No. 98-2335, 2000 U.S. App. LEXIS 14512 (Jun. 15, 2000), the Sixth Circuit affirmed a grant of summary judgment in favor of the employer where a sanitation worker, who had restrictions on the amount that he could lift, presented only his own affidavit detailing his restrictions.  The court noted that "no medical

---

[2] Prior to the 2009 amendments to the ADA, which explicitly listed working as a major life activity, whether working constituted a major life activity was unresolved.  Some federal courts of appeal, guided by EEOC regulations, held that working is a major life activity. *See, e.g.*, *Bartlett v. New York State Bd. of Law Examiners*, 226 F.3d 69, 80 (2d Cir.2000); *Peters v. Mauston*, 311 F.3d 835, 843 (7th Cir.2002); *Doyal v. Oklahoma Heart, Inc.*, 213 F.3d 492, 495-496 (10th Cir.2000).  But in *Williams*, the United States Supreme Court expressed "hesitance" to recognize working as a major life activity.  *Williams* at 200.  Because the Ohio law clearly recognizes working as a major life activity and because GRC does not question its inclusion, we assume without deciding that the inclusion of working as a major life activity is proper.

records, testimony or other expert evidence establish that [plaintiff] is restricted from doing heavy duty jobs, manual labor jobs, other sanitation worker jobs, or even the present sanitation job, nor does the evidence show the number of these jobs, if any, from which [he] is restricted." *Id.* at *18.

{¶20} Ohio's Eighth Appellate District reached a similar result in *Maracz v. United Parcel Serv., Inc.*, 8th Dist. No. 83432, 2004-Ohio-6851. The court in that case reversed the trial court's denial of an employer's motion for judgment notwithstanding the verdict because the plaintiff had failed to present evidence that he was disqualified from a class of jobs or a broad range of jobs. *Id.* at ¶ 47. The court explained that to prevail the plaintiff was "required to 'produce some evidence of the number and types of jobs in the local employment market in order to show he is disqualified from a substantial class or broad range of such jobs[.]' " *Id.*, quoting *Duncan v. Washington Metro. Area Transit Auth.*, 240 F.3d 1110, 1115-16 (D.C.Cir.2001).

{¶21} Ms. Bibee failed to present any evidence that she was significantly restricted from a class or broad range of jobs. Absent such evidence, there was no issue of fact as to whether Ms. Bibee was disabled due to a substantial limitation in her ability to work.

III.

{¶22} Without evidence that she was substantially limited in any major life activity, Ms. Bibee could not qualify as disabled under federal or Ohio law. The trial court properly granted summary judgment to GRC. The sole assignment of error is without merit, and we affirm the judgment of the trial court.

Judgment affirmed.

**HENDON, P.J.,** and **DINKELACKER, J.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.